■ NETTIE SCHWARTZ et al., Respondents, v. JONATHAN WOODNER AND Co., Defendant and Third-Party Plaintiff-Respondent; COINMACH INDUSTRIES CORP., Third-Party Defendant-Respondent; GREATER NEW YORK MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, etc., one of the two third-party defendants, Greater New York Mutual Insurance Company, appeals from an order of the Supreme Court, Queens County, dated June 3, 1971, which denied its motion, pursuant to CPLR 603, to sever the third-party action against it. Order reversed, with $20 costs and disbursements, and motion granted. The third-party complaint as against appellant is grounded on an insurance policy allegedly indemnifying the defendant third-party plaintiff against a tort claim such as that underlying plaintiffs' complaint. The fact of the existence of insurance relative to the occurrence complained of by the plaintiffs will be prejudicial as a matter of law to appellant (*Strauss* v. *Bennett Bros. Corp.*, 27 A D 2d 528). It is difficult to suppose that appellant would not be subject to *some prejudice* if both the main action and this third-party action were to be tried before *the same jury* (*Kelly* v. *Yannotti*, 4 N Y 2d 603). The denial of appellant's motion was an improvident exercise of discretion. Munder, Acting P. J., Martuscello, Shapiro, Gulotta and Brennan, JJ., concur.