## (October 15, 1974)

■ BREED, ABBOTT & MORGAN, Respondent, v. ABERDEEN PETROLEUM CORPORATION, Appellant.— Order, Supreme Court, New York County, entered January 29, 1974, and judgment entered thereon on February 1, 1974, granting summary judgment, modified, on the law, to grant summary judgment for the reasonable value of plaintiff's services and direct an assessment, and otherwise affirmed, without costs and without disbursements. Plaintiff established its right to recover for legal fees. Special Term correctly decided that the court had jurisdiction over the defendant (*Strasser, Spiegelberg, Fried & Frank v. Schlesinger*, 53 Misc 2d 78, affd. 28 A D 2d 828; *Elman v. Belson*, 32 A D 2d 422). Plaintiff, however, did not establish an account stated. The bills sent by plaintiff were not itemized and their mere retention does not show an accord on the reasonableness of the charges. Concur — Murphy, Steuer and Capozzoli, JJ.; Nunez, J. P., and Kupferman, J., dissent and vote to affirm.

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for a Project Known as 14TH STREET–AVENUE B COMMUNITY DEVELOPMENT PROJECT. EDWARD ROTHENBERG et al., Appellants. — Decree, Supreme Court, New York County, entered June 10, 1974, awarding $45,000 for the land and improvements of the claimants, unanimously modified, on the law, to the extent of increasing the award to $49,219, and otherwise affirmed, without costs and without disbursements. Under all the circumstances presented, the evaluation used should have been based on a capitalization rate of 6.4% resulting in an increased award as indicated. However, we agree with the trial court that claimant was not entitled to any additional compensation for loss of plottage (cf. *Matter of the City of N. Y.* [*Manhattan Sav. Bank*], 13 A D 2d 942). Concur — McGivern, P. J., Markewich, Kupferman, Lupiano and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MIGUEL CARILLO, Appellant.— Judgment, Supreme Court, Bronx County, rendered on September 11, 1973, convicting defendant of the crimes of robbery in the second degree and grand larceny in the third degree and sentencing him to concurrent terms of imprisonment of not more than 10 and not more than four years respectively, unanimously modified, on the law, to the extent of reversing the conviction for grand larceny and dismissing such count of the indictment and, as so modified, the judgment is affirmed. Under the facts of this case, the finding of guilt on the greater count of robbery in the second degree requires dismissal of the "inclusory concurrent count" of grand larceny third degree. (CPL 300.30, subd. 4; CPL 300.40, subd. 3, par. [b].) Dismissal of the grand larceny count, however, does not affect the validity of the robbery conviction (*People v. Pyles*, 44 A D 2d 784). Concur — Nunez, J. P., Kupferman, Murphy, Lupiano and Tilzer, JJ.