■ PAMELA FISHER, Respondent, v JOSEPH K. FISHER, Appellant.—Order of the Supreme Court, New York County, entered in the office of the clerk on July 22, 1976, denying defendant's motion to sever and transfer the fifth, sixth and seventh causes of action to the Civil Court, unanimously affirmed, without costs and without disbursements. We find no abuse of discretion in the refusal of the court to sever the nonmatrimonial causes of action. The failure of the court to sever in this case will not place a substantial right in jeopardy. (See CPLR 603; 2 Weinstein-Korn-Miller, NY Civ Prac, par 603.01, pp 6–21; cf. par 603.04, pp 6–22.) Order of the Supreme Court, New York County, entered in the office of the clerk on August 24, 1976, directing defendant to pay $250 per week to his wife as and for alimony commencing as of August 5, 1976, unanimously modified to provide for temporary alimony in the sum of $150 per week and, as thus modified, affirmed, without costs and without disbursements. It appears that the modified sum is sufficient to meet defendant's obligation of support herein and that he has the ability to pay the said amount. This sum should suffice to maintain the wife in the standard of living to which they were accustomed—at least until the trial of the action is concluded (De Brauwere v De Brauwere, 203 NY 460, 468). We have also considered the fact of defendant's expenses in living separate and apart from his wife (Orenstein v Orenstein, 26 AD2d 928, affd 21 NY2d 892). Concur—Kupferman, J. P., Lupiano, Birns and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY BEATTY, Appellant.—Judgment, Supreme Court, New York County, rendered June 12, 1975, convicting defendant, after a jury trial, of the crimes of robbery in the first degree (two counts), robbery in the third degree (two counts), grand larceny in the third degree (two counts) and possession of a weapon in the fourth degree (two counts), unanimously modified, on the law, to the extent of reversing defendant's convictions of the counts of robbery in the third degree, grand larceny in the third degree and possession of a weapon in the fourth degree and dismissing those counts of the indictment. The judgment, as so modified, is affirmed. Defendant's conviction of the crimes of robbery in the first degree requires dismissal of the inclusory counts of robbery in the third degree, grand larceny and possession of a weapon counts. (People v Carillo, 46 AD2d 618; People v Pyles, 44 AD2d 784.) We find no merit in the other points raised by appellant. Concur—Murphy, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.