■ GILDA SCANDINARO et al., Appellants, v NATALIE G. HAUERSTEIN et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered December 4, 1989, as denied their cross motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs, for reasons stated by Justice Ruskin at the Supreme Court. Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.

■ SCHORR BROTHERS DEVELOPMENT CORP. et al., Plaintiffs, v CONTINENTAL INSURANCE COMPANY et al., Defendants, and CITI DRYWALL, INC., Defendant and Third-Party Plaintiff-Respondent. GEORGE MARCHETTI BROKERAGE, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In an action to recover damages for injury to property, the third-party defendant George Marchetti Brokerage, Inc., appeals from so much of an order of the Supreme Court, Queens County (Leviss, J.), entered June 21, 1989, as, in effect, denied its cross motion to sever the third-party action.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the cross motion is granted to the extent that it is directed that the third-party action be tried separately.

It has long been recognized that it is inherently prejudicial to third-party defendant insurers to have the issue of insurance coverage tried before the jury that considers the underlying liability claims (see, Kelly v Yannotti, 4 NY2d 603; Dreizen v Morris I. Stoler, Inc., 98 AD2d 759; Mancuso v Bellerive, 50 AD2d 802; Schwartz v Woodner & Co., 40 AD2d 1027). Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.