■ STATE OF NEW YORK, Plaintiff, v GRIFFITH OIL CO., INC., SUGAR CREEK STORES, INC., Respondents, and MAHL BROS. OIL CO., INC., Appellant. [750 NYS2d 685] —Appeal from those parts of an order of Supreme Court, Erie County (Joslin, J.), entered May 8, 2001, that, inter alia, denied that part of the motion of

defendant Mahl Bros. Oil Co., Inc. to sever the cross claims alleging breach of contract.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion of defendants Griffith Oil Co., Inc. and Sugar Creek Stores, Inc., vacating the declaration that the leases were properly terminated, reinstating the 1st, 3rd, 4th, 5th, 6th, 9th, 11th, 12th, 13th and 14th cross claims of defendant Mahl Bros. Oil Co., Inc., and granting that part of the motion of defendant Mahl Bros. Oil Co., Inc. seeking leave to serve an amended complaint upon condition that the proposed amended complaint is served within 20 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking remediation costs and penalties arising from a petroleum leak in a storage tank on property owned by defendant Mahl Bros., Inc. (Mahl), leased by defendant Griffith Oil Co., Inc. (Griffith Oil), and subleased by defendant Sugar Creek Stores, Inc. (Sugar Creek). Mahl asserted cross claims alleging that Griffith Oil and Sugar Creek are liable based, inter alia, on their violation of the Navigation Law and on their alleged breach of the leases. Supreme Court erred in granting that part of the cross motion of Griffith Oil and Sugar Creek seeking summary judgment dismissing Mahl's 3rd and 11th cross claims based on the alleged violation of the Navigation Law. Pursuant to the lease agreement between Mahl and Griffith Oil with respect to the bulk petroleum storage tank, Mahl would maintain the tank, with costs to be shared equally between Mahl and Griffith Oil, "except for damage caused by the negligence of Tenant." The separate lease between Mahl and Griffith Oil with respect to the service station and convenience store, which were subleased to Sugar Creek in 1992, contains a similar provision. According to Mahl, the petroleum leak from the storage tank was caused by the negligence of Griffith Oil and Sugar Creek. Mahl alleged that Griffith Oil, as lessee of the storage tank since 1986, had control of the storage tank for the 11 years prior to the investigation in 1997 from which this lawsuit arose. Mahl further alleged that, pursuant to its sublease with Griffith Oil, Sugar Creek has been in possession of the service station and convenience store, including the gas pumps, since 1992. According to Griffith Oil, however, Mahl replaced the lines on the storage tank in 1990 without explanation or notice to Griffith Oil or Sugar Creek, thereby evincing some knowledge of a petroleum leak at that time. On the record before us, we conclude

that there is an issue of fact whether the petroleum leak was caused by the negligence of Griffith Oil or Sugar Creek and thus whether they are liable under the Navigation Law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

The court also erred in granting that part of the cross motion of Griffith Oil and Sugar Creek seeking judgment declaring that the leases were properly terminated. There is an issue of fact whether Griffith Oil and Sugar Creek properly terminated their respective leases based on Mahl's failure to make repairs to the gas station and storage tank. Pursuant to the terms of the leases, Mahl had no duty to make repairs in the event that the damages were caused by the negligence of Griffith Oil or Sugar Creek, and thus there is an issue of fact whether Mahl had a duty to make repairs.

Contrary to the contention of Griffith Oil and Sugar Creek, Mahl's cross claims pursuant to the Navigation Law are not time-barred. Although the cross claims are framed in terms of negligence, they are subject to a six-year rather than a three-year statute of limitations because, construed liberally, they seek indemnification and contribution (*see 750 Old Country Rd. Realty Corp. v Exxon Corp.*, 229 AD2d 1034).

We further conclude that the court properly denied that part of the motion of Mahl to sever the cross claims alleging breach of contract. Plaintiff's action for remediation costs and penalties arising from the petroleum leak involves issues of defendants' comparative fault for the petroleum leakage, and the cross claims of the three defendants likewise involve issues of comparative fault with respect to whether Griffith Oil and Sugar Creek were entitled to terminate their leases. Because plaintiff's action and the cross claims relating to the lease terminations share common issues of fact and law, it cannot be said that the court abused its discretion in refusing to sever those cross claims (*see Spratt v General Elec. Co.*, 242 AD2d 900).

We conclude, however, that the court erred in denying that part of the motion of Mahl seeking leave to serve an amended complaint setting forth in greater particularity its causes of action and to add an additional cause of action for damages under the leases. Leave to amend pleadings " 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*Fahey v County of Ontario*, 44 NY2d 934, 935). A review of the pleadings establishes that the amendment sought is merely an amplification of the causes of action and damages previously sought, and thus it cannot be said that the amendment would result in prejudice or surprise to Griffith Oil and Sugar Creek.

We therefore modify the order by denying the cross motion of Griffith Oil and Sugar Creek, vacating the declaration that the leases were properly terminated, reinstating Mahl's 1st, 3rd, 4th, 5th, 6th, 9th, 11th, 12th, 13th and 14th cross claims, and granting that part of the motion of Mahl seeking leave to serve an amended complaint upon condition that the proposed amended complaint is served within 20 days of service of a copy of the order of this Court with notice of entry. Present— Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.