■ MICHAEL CHRISTENSEN et al., Plaintiffs, v RITA WEEKS, Defendant and Third-Party Plaintiff, et al., Defendants. NEW YORK MUTUAL UNDERWRITERS, Third-Party Defendant. (Action No. 1.) STATE FARM & CASUALTY COMPANY, as Subrogee of DAVID M. CHRISTENSEN, Plaintiff, v RITA WEEKS, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. NEW YORK MUTUAL UNDERWRITERS, Third-Party Defendant-Appellant. (Action No. 2.) [774 NYS2d 81]—

In a subrogation action and a third-party action for a judgment declaring that the third-party defendant, New York Mutual Underwriters, is obligated to defend and indemnify the defendant third-party plaintiff as a defendant in the main action (Action No. 2), which were joined for trial with a related action to recover damages for trespass and a third-party action (Action No. 1), New York Mutual Underwriters appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 10, 2002, which denied its motion, pursuant to CPLR 603, to sever the third-party action in Action No. 2.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party action in Action No. 2 is severed.

This appeal stems from two related actions. In Action No. 1, the plaintiffs sought inter alia, to recover damages for trespass and property damage from, among others, the defendant Rita Weeks. After Weeks' insurance carrier, New York Mutual Underwriters (hereinafter NY Mutual) disclaimed coverage, Weeks commenced a third-party action seeking a judgment declaring that NY Mutual was obligated to defend and indemnify her in the main action.

In Action No. 2, State Farm & Casualty Company (hereinafter State Farm), as subrogee of David M. Christensen, sought to recoup from, among others, Weeks, the money it paid on its insured's claim, pursuant to their insurance policy with State Farm. After NY Mutual disclaimed coverage of this claim as well, Weeks commenced another third-party action against it, seeking a judgment declaring that NY Mutual was obligated to defend and indemnify her in the main action in Action No. 2.

At issue on this appeal is the Supreme Court's denial of the motion of NY Mutual to sever the third-party action against it from the subrogation action in Action No. 2. While recognizing the general rule favoring severance of a third-party action against an insurer for a judgment declaring an obligation to defend and indemnify from the underlying action in which the defendant claims entitlement to coverage from the third-party defendant insurer (*see Kelly v Yannotti*, 4 NY2d 603 [1958]), the Supreme Court found it inapplicable to this case. The Supreme Court reasoned that since the plaintiff in Action No. 2 is an insurance company suing as its insured's subrogee, "the fact of insurance is already in the case."

Since we disagree with the Supreme Court's conclusion that the general rule does not apply here, we reverse the order ap-

pealed from. "It is generally recognized that, even where common facts exist, it is prejudicial to insurers 'to have the issue of insurance coverage tried before the jury that considers the underlying liability claims' (*Schorr Bros. Dev. Corp. v Continental Ins. Co.*, 174 AD2d 722 [1991] . . .)" (*Medick v Millers Livestock Mkt.*, 248 AD2d 864, 865 [1998]; *see also Schwartz v Woodner & Co.*, 40 AD2d 1027 [1972]). The fact that State Farm is the plaintiff in Action No. 2, as subrogee of its insured, does not take this case outside of the general rule. As subrogee, State Farm steps into the shoes of its insured, such that the jury hearing the case will have to determine Weeks' liability for the underlying claim that State Farm covered on its insured's behalf. Therefore, NY Mutual will be subjected to *some* prejudice if both the subrogation action and the third-party declaratory judgment action are tried before the same jury (*see Kelly v Yannotti, supra*). As such, denial of the motion for a severance was an improvident exercise of the Supreme Court's discretion. Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.