■ ALAN EMMETSBERGER, Respondent, v EDWARD MITCHELL, Defendant and Third-Party Plaintiff-Respondent. OTSEGO MUTUAL FIRE INSURANCE COMPANY, Third-Party Defendant-Appellant. [775 NYS2d 876]—

In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Queens County (Price, J.), dated April 16, 2003, which denied its motion to sever the third-party action and add the plaintiff as a third-party defendant.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The Supreme Court erred in denying the appellant's motion to sever the third-party action and add the plaintiff as a third-party defendant. The two actions do not involve common questions of law or fact (*see Dreizen v Morris I. Stoler, Inc.,* 98 AD2d 759 [1983]). Moreover, to ensure that there is no prejudice to the third-party defendant insurance company, the main negligence action and the third-party insurance coverage action should be tried separately (*see* CPLR 1010; *Kelly v Yannotti,* 4 NY2d 603 [1958]; *Schorr Bros. Dev. Corp. v Continental Ins. Co.,* 174 AD2d 722 [1991]; *Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500 [1991]; *Dreizen v Morris I. Stoler, Inc., supra*). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.