■ MICHAEL CHRISTENSEN et al., Plaintiffs, v RITA WEEKS, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. NEW YORK MUTUAL UNDERWRITERS, Third-Party Defendant-Appellant. (Action No. 1.) STATE FARM & CASUALTY COMPANY, as Subrogee of DAVID M. CHRISTENSEN, Plaintiff, v RITA WEEKS, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. NEW YORK MUTUAL UNDERWRITERS, Third-Party Defendant-Appellant. (Action No. 2.) [790 NYS2d 153]—

Motion by the third-party defendant-appellant, New York Mutual Underwriters, for leave to reargue an appeal from an order of the Supreme Court, Westchester County, entered December 10, 2002, which was determined by decision and order of this Court dated March 15, 2004 [5 AD3d 526].

Upon papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated March 15, 2004, in the above-entitled actions, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover for damages for trespass and property damage and a third-party action for a judgment declaring that the third-party defendant, New York Mutual Underwriters, is obligated to defend and indemnify the third-party plaintiff as a defendant in the main action (action No. 1), and a subrogation action and a third-party action for a judgment declaring that the third-party defendant, New York Mutual Underwriters, is obligated to defend and indemnify the third-party plaintiff as a defendant in the subrogation action (action No. 2), New York Mutual Underwriters appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 10, 2002, which denied its motions, pursuant to CPLR 603, to sever the third-party actions against it. Justice Santucci has been substituted for former Justice Townes (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, the motions are granted, and the third-party actions are severed.

This appeal stems from two related actions. In action No. 1, the plaintiffs sought, inter alia, to recover damages for trespass and property damage from, among others, the defendant Rita Weeks. After Weeks' insurance carrier, New York Mutual Underwriters (hereinafter NY Mutual), disclaimed coverage, Weeks commenced a third-party action seeking a judgment declaring that NY Mutual was obligated to defend and indemnify her in the main action.

In action No. 2, State Farm & Casualty Company (hereinafter State Farm), as subrogee of the plaintiffs in the main action in action No. 1, sought to recoup from, among others, Weeks, the money it paid on its insureds' claim, pursuant to their insurance policy with State Farm. After NY Mutual disclaimed coverage of this claim as well, Weeks commenced another third-party action against it, seeking a judgment declaring that NY Mutual was obligated to defend and indemnify her in the main action in action No. 2. A joint trial was ordered.

At issue on this appeal is the Supreme Court's denial of the motions of NY Mutual to sever the third-party actions against it from the property damage action in action No. 1 and from the subrogation action in action No. 2. While recognizing the general rule favoring severance of a third-party action against an insurer for a judgment declaring an obligation to defend and indemnify, from the underlying action in which the defendant claims entitlement to coverage from the third-party defendant insurer (*see Kelly v Yannotti*, 4 NY2d 603 [1958]), the Supreme Court found it inapplicable here. The Supreme Court reasoned that since the plaintiff in action No. 2 is an insurance company suing as its insureds' subrogee, "the fact of insurance is already in the case."

Since we disagree with the Supreme Court's conclusion that the general rule does not apply here, we reverse the order appealed from. "It is generally recognized that, even where common facts exist, it is prejudicial to insurers 'to have the issue of insurance coverage tried before the jury that considers the underlying liability claims' (*Schorr Bros. Dev. Corp. v Continental Ins. Co.*, 174 AD2d 722 . . .)" (*Medick v Millers Livestock Mkt.*, 248 AD2d 864, 865 [1998]; *see also Schwartz v Woodner & Co.*, 40 AD2d 1027 [1972]). The fact that State Farm is the plaintiff in action No. 2, as subrogee of its insureds, does not take this case outside of the general rule. As subrogee, State Farm steps into the shoes of its insureds, such that the jury hearing the case will have to determine Weeks' liability for the

underlying claim that State Farm covered on its insureds' behalf. Therefore, NY Mutual will be subjected to some prejudice if the main actions and the third-party declaratory judgment actions are tried before the same jury (*see Kelly v Yannotti, supra*). As such, denial of the motions to sever the third-party actions was an improvident exercise of the Supreme Court's discretion. S. Miller, J.P., Ritter, Santucci and Luciano, JJ., concur.