■ ·PAUL J. HERSKOVITZ, Respondent, v ESTHER EMERALD KLEIN, Appellant. [937 NYS2d 256]—

Ordered that the order is affirmed insofar as appealed from, with costs.

The husband commenced this action for a divorce and ancillary relief. The wife interposed an answer asserting three counterclaims against the husband. The third counterclaim sought to recover damages for "theft of intellectual property." It is undisputed that the alleged intellectual property does not constitute marital property, and the wife does not contend that it affects equitable distribution or any other issue in the action. The husband moved, inter alia, to sever the wife's third counterclaim from the action and the Supreme Court granted that branch of his motion. The wife appeals.

"In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue" (CPLR 603). "The deter-

mination to grant or deny a request for a severance pursuant to CPLR 603 is a matter of judicial discretion" (*Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d 726, 727 [2006]).

While the granting of a motion for consolidation or joint trial hinges upon a finding of common issues of law or fact, the granting of severance generally depends upon an absence of such commonality (*see* CPLR 603; 3-603 Weinstein-Korn-Miller, NY Civ Prac, CPLR ¶ 603.03). Thus, severance may be inappropriate where there are common factual and legal issues involved in two causes of action, and the interests of judicial economy and consistency of verdicts will be served by having a single trial (*see Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]; *Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d at 727). Conversely, severance may be appropriate where there are no issues of fact or questions of law to be determined that are common to the two causes of action (*see Haber v Cohen*, 74 AD3d 1281, 1282 [2010]; *Gardner v City of New York*, 102 AD2d 800, 801 [1984]).

Here, the wife's third counterclaim and the other causes of action do not contain common factual or legal issues, and are not intertwined so as to raise concerns regarding the interests of judicial economy or consistency of verdicts (*cf. Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]; *New York Cent. Mut. Ins. Co. v McGee*, 87 AD3d 622, 624 [2011]). In light of the circumstances of this case, we conclude that the Supreme Court did not improvidently exercise its discretion when it granted that branch of the husband's motion which was to sever the wife's third counterclaim (*see Haber v Cohen*, 74 AD3d at 1282; *Emmetsberger v Mitchell*, 7 AD3d 483 [2004]; *Weiss v Meiselman*, 155 AD2d 531, 531 [1989]; *Gardner v City of New York*, 102 AD2d at 801; *Shipsey v Katz*, 58 AD2d 827, 827-828 [1977]; *cf. Fisher v Fisher*, 56 AD2d 547 [1977]). Mastro, A.P.J., Angiolillo, Balkin and Chambers, JJ., concur. **[Prior Case History: 31 Misc 3d 1202(A), 2011 NY Slip Op 50465(U).]**