# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1078**

**CA 15-00408**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

UTICA MUTUAL INSURANCE COMPANY,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

AMERICAN RE-INSURANCE COMPANY, NOW KNOWN AS
MUNICH REINSURANCE AMERICA, INC., AND
TRANSATLANTIC REINSURANCE COMPANY,
DEFENDANTS-RESPONDENTS.

---

HUNTON & WILLIAMS LLP, MCLEAN, VIRGINIA (SYED S. AHMAD, OF THE
VIRGINIA AND DISTRICT OF COLUMBIA BARS, ADMITTED PRO HAC VICE, OF
COUNSEL), AND FELT EVANS, LLP, CLINTON FOR PLAINTIFF-APPELLANT.

PETRONE & PETRONE, UTICA (MARK CHIECO OF COUNSEL), AND RUBIN, FIORELLA
& FRIEDMAN LLP, NEW YORK CITY, FOR DEFENDANT-RESPONDENT AMERICAN RE-
INSURANCE COMPANY, NOW KNOWN AS MUNICH REINSURANCE AMERICA, INC.

---

Appeal from an order of the Supreme Court, Oneida County (Samuel
D. Hester, J.), entered December 4, 2014. The order granted the
motion of defendant American Re-insurance Company, now known as Munich
Reinsurance America, Inc., to sever the claims against it from the
claims against defendant Transatlantic Reinsurance Company.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff, an insurance company, commenced this
breach of contract and declaratory judgment action against defendants,
American Re-Insurance Company, now known as Munich Reinsurance
America, Inc. (Munich), and Transatlantic Reinsurance Company
(Transatlantic), seeking enforcement of reinsurance policies issued by
them to plaintiff. After answering the complaint, Munich moved to
sever the claims against it from those against Transatlantic.
According to Munich, there are no common questions of law or fact
between the claims, and plaintiff's sole purpose in joining them was
to avoid removal of the claims against Munich to federal court.
Supreme Court granted the motion, and we now affirm.

"In furtherance of convenience or to avoid prejudice the court
may order a severance of claims, or may order a separate trial of any
claim, or of any separate issue" (CPLR 603). The determination of a
severance motion under CPLR 603 "is a matter of judicial discretion
which will not be disturbed on appeal absent an abuse of discretion or

prejudice to a substantial right of the party seeking severance" (*Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844, 844; *see Sunshine Imaging Assn./WNY MRI v Government Empls. Ins. Co.*, 66 AD3d 1419, 1420). "While the granting of a motion for consolidation or joint trial hinges upon a finding of common issues of law or fact, the granting of severance generally depends upon an absence of such commonality" (*Herskovitz v Klein*, 91 AD3d 598, 599; *see* 3-603 Weinstein-Korn-Miller, NY Civ Prac, CPLR ¶ 603.03).

Here, although the claims against both defendants relate to insurance payments made by plaintiff to the same insured for asbestos-related losses, defendants have no relationship to one another, and the claims arise from different reinsurance contracts, were triggered by different underlying umbrella polices, and involve different time periods. Moreover, defendants asserted different affirmative defenses, and a finding of liability against one defendant will not impact the liability of the other. Under those circumstances, we conclude that the court did not abuse its discretion in granting Munich's severance motion.

Entered:  October 9, 2015                      Frances E. Cafarell
                                               Clerk of the Court