Egan Jr., J.
 

 Cross appeal from an order of the Supreme Court (Ellis, J.), entered April 25, 2016 in Franklin County, which, among other things, partially granted a motion by defendants John Rugar and Utica First Insurance Company to reargue.
 

 For many years, plaintiff has been the general contractor for Craig Weatherup and Connie Weatherup, who own a residence in the Town of Brighton, Franklin County. In May 2011, plaintiff subcontracted with defendant John Rugar to perform certain exterior power washing on the Weatherups’ residence. The contract between plaintiff and Rugar required, among other things, that Rugar indemnify and hold plaintiff harmless for any work performed by Rugar and obtain insurance that, among other things, named plaintiff as an additional insured and would be primary to any other insurance policies. Rugar procured the subject insurance from defendant Utica First Insurance Company. Thereafter, while pressure washing the residence, Rugar utilized a cleaning solution manufactured by defendant Benjamin Moore & Co. that allegedly caused damage to the exterior of the residence. Plaintiff, as an additional insured on the policy, thereafter submitted a coverage demand to Utica First for the damages sustained. On May 9, 2012, Utica First denied coverage as to Rugar and, on February 27, 2013, disclaimed coverage as to plaintiff. Plaintiff’s insurance carrier, Interstate Fire & Casualty Co., subsequently paid the Weatherups approximately $600,000 as compensation for the damages that were sustained to the exterior of the residence. As part of the compensation agreement, the Weatherups also released Interstate and plaintiff from any further liability with respect to the damage sustained and assigned their right to bring suit for damages to both Interstate and plaintiff.
 

 Plaintiff thereafter commenced the instant action seeking to recover the damages paid to the Weatherups, alleging causes of action for, among other things, negligence by Rugar and breach of contract by Utica First. Following joinder of issue, plaintiff served defendants with a discovery demand requesting, among other things, Utica First’s pre-denial claim file. Utica First provided plaintiff with a portion of the claim file and a privilege log. Plaintiff thereafter demanded production of the entire pre-denial claim file, prompting Utica First to move for a protective order prohibiting disclosure of the documents in the privilege log on the ground that they were immune from discovery as material prepared in anticipation of litigation. Rugar both joined in Utica First’s motion and, separately, moved for a protective order.
 

 In May 2015, Supreme Court denied the motions of Utica First and Rugar and directed Utica First to provide plaintiff with the entirety of its pre-denial claim file. Rugar thereafter moved for, among other things, reargument, severance of the tort action against Rugar from the breach of contract action against Utica First and to join Interstate as a necessary party. Utica First filed an affidavit in support of Rugar’s motion. In the interim, plaintiff also moved to compel Rugar to comply with its demand seeking disclosure of an incomplete December 31, 2014 affidavit. By order entered April 2016, Supreme Court, among other things, granted Rugar’s motion to reargue, determining that the contents of Utica First’s privilege log were immune from disclosure, granted Rugar’s motion for a protective order preventing plaintiff from using the disputed December 31, 2014 affidavit inasmuch as it was inadvertently disclosed by Rugar’s counsel, denied severance and declined to join Interstate as a necessary party. Plaintiff now appeals and Rugar and Utica First cross-appeal.
 

 A motion for leave to reargue (see CPLR 2221 [d] [2]) is addressed to the sound discretion of the court and is properly granted upon a showing that the facts and/or law were overlooked or misapprehended by the court in determining the prior motion (see Valiando v Catalfamo, 138 AD3d 1271, 1272-1273 [2016]; Loris v S & W Realty Corp., 16 AD3d 729, 730 [2005]). In granting reargument, Supreme Court indicated that it had misapprehended the facts and law in its previous decision, and we do not find that Supreme Court abused its discretion in this regard (see Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1319 [2017]).
 
 [1]
 
 However, we do find that Supreme Court erred when, upon reargument, it reversed its May 2015 decision and, among other things, granted Rugar and Utica First’s motions for a protective order, determining that Utica First’s pre-denial claim file was immune from disclosure (see CPLR 3101 [d] [2]).
 

 CPLR 3101 (a) entitles parties to “full disclosure of all matter material and necessary in the prosecution or defense of an action.” Rugar correctly asserts that, pursuant to CPLR 3101 (d) (2), statements provided by a party to his or her insurer are conditionally immune from disclosure as material prepared for litigation (see Hewitt v Palmer Veterinary Clinic, PC, 145 AD3d 1415, 1415 [2016]); however, it is well settled that the party claiming such immunity “has the initial burden of showing that the materials being sought were prepared solely and exclusively for litigation” and were not otherwise motivated by other relevant business concerns (Madison Mut. Ins. Co. v Expert Chimney Servs., Inc., 103 AD3d 995, 996-997 [2013] [emphasis added]; see CPLR 3101 [d] [2]; 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [2009]; Agovino v Taco Bell 5083, 225 AD2d 569, 570-571 [1996]). Morever, plaintiff’s burden in this regard cannot be satisfied by wholly conclusory allegations (see Hewitt v Palmer Veterinary Clinic, PC, 145 AD3d at 1415; Claverack Coop. Ins. Co. v Nielsen, 296 AD2d 789, 789 [2002]).
 

 “The payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding whether to pay or reject a claim are made in the regular course of its business” (Advanced Chimney, Inc. v Graziano, 153 AD3d 478, 480 [2017] [internal quotation marks, brackets and citations omitted]; accord Bombard v Amica Mut. Ins. Co., 11 AD3d 647, 648 [2004]). As such, “[r]eports prepared by insurance investigators, adjusters, or attorneys before the decision is made to pay or reject a claim are not privileged and are discoverable” (Advanced Chimney, Inc. v Graziano, 153 AD3d at 480; see Donohue v Fokas, 112 AD3d 665, 667 [2013]; Carden v Allstate Ins. Co., 105 AD2d 1048, 1049 [1984]). Notably, all the documents set forth in the subject privilege log were prepared prior to Utica First’s May 9, 2012 disclaimer of coverage. We find no merit, meanwhile, to Rugar and Utica First’s contention that plaintiff’s August 2, 2011 letter constituted anything other than a timely filed notice of claim received in Utica First’s regular course of business. The affidavit of Susan Wheaton, Utica First’s Vice President of Claims, was conclusory and failed to demonstrate that the materials derived from Utica First’s investigation were collected solely in anticipation of litigation (see Madison Mut. Ins. Co. v Expert Chimney Servs., Inc., 103 AD3d at 996). Since Utica First failed to establish that the withheld documents were prepared solely in anticipation of litigation, the burden did not shift to plaintiff to demonstrate an undue hardship justifying disclosure of the pre-denial claim file (see CPLR 3101 [d] [2]; Donohue v Fokas, 112 AD3d at 667).
 
 [2]
 
 In light of our holding, we need not address plaintiff’s remaining privilege arguments.
 

 Next, Rugar and Utica First contend that Supreme Court abused its discretion in failing to grant their motion to sever plaintiffs tort claim from its breach of contract claim. Whether severance is appropriate in a given matter is a matter of judicial discretion that will not be disturbed on appeal absent an abuse of such discretion or prejudice to a substantial right of the party seeking severance (see CPLR 603; Finning v Niagara Mohawk Power Corp., 281 AD2d 844, 844 [2001]). Here, in denying the motion for severance, Supreme Court acknowledged the possibility of prejudice to Rugar and Utica First should both causes of action be tried before the same jury; however, it nevertheless determined that the tort action and the breach of contract/insurance action shared common factual and legal issues such that any prejudice was outweighed by the potential for inconsistent verdicts. We disagree. Generally speaking, “even where common facts exist, it is prejudicial to insurers to have the issue of insurance coverage tried before the jury that considers the underlying liability claims” (Christensen v Weeks, 15 AD3d 330, 331 [2005] [internal quotation marks and citations omitted]; see generally Kelly v Yannotti, 4 NY2d 603, 607-608 [1958]; McGinty v Structure-Tone, 140 AD3d 465, 466 [2016]). Here, there is no question that, absent severance, the jury in the negligence action against Rugar will discover the existence of liability insurance as a result of the breach of contract action against Utica First. Accordingly, we find that Supreme Court improvidently denied the motion for severance (see Christensen v Weeks, 15 AD3d at 331; Schorr Bros. Dev. Corp. v Continental Ins. Co., 174 AD2d 722, 722 [1991]; cf. Medick v Millers Livestock Mkt., 248 AD2d 864, 865 [1998]; but see Chiarello v Rio, 101 AD3d 793, 797 [2012]). Lastly, we find no error in Supreme Court’s decision to deny Rugar’s motion to join Interstate as a necessary party. Rugar failed to demonstrate how Interstate would be inequitably affected by a judgment in the underlying action or how complete relief could not otherwise be accorded between parties without such joinder (see CPLR 1001 [a]; Overocker v Madigan, 113 AD3d 924, 925-926 [2014]).
 

 Additionally, in order to expedite resolution of this protracted discovery dispute, Utica First must tender to plaintiff the remainder of the documents previously withheld from its pre-denial claim file, including those documents set forth in the subject privilege log, within 60 days of the date of this Court’s decision. Rugar must also tender to plaintiff a complete copy of his December 31, 2014 affidavit within 60 days of the date of this Court’s decision. Further, any remaining discovery should proceed in both actions and Supreme Court should ensure that the now severed tort claims be tried first, and then, if necessary, the claims with respect to insurance coverage.
 

 Peters, P.J., Devine, Mulvey and Pritzker, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted the motion by defendants John Rugar and Utica First Insurance Company for a protective order and determined that the contents of Utica First’s privilege log were immune from disclosure, (2) granted Rugar’s motion for a protective order preventing the parties from using Rugar’s affidavit dated December 31, 2014, (3) denied plaintiff’s motion to compel Rugar’s disclosure of the affidavit dated December 31, 2014, and (4) denied Rugar’s motion for severance; motions granted and denied to said extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.
 

 [1]
 

 . Nor do we find that Supreme Court abused its discretion by allowing Rugar to cure his failure to attach the pleadings to his initial motion to reargue. Rugar set forth a reasonable excuse for the short delay in providing same and plaintiff was not otherwise prejudiced thereby (see CPLR 2214 [c]).
 

 [2]
 

 . We similarly find that plaintiff is entitled to a complete copy of Rugar’s partial affidavit dated December 31, 2014. The subject affidavit related to Rugar’s personal knowledge with respect to the underlying incident, and Rugar and Utica First failed to establish that the document constituted attorney work product (see CPLR 3101 [c]) or was otherwise privileged.