■ ISIDORE MARGEL TRUST MITZI ZANK TRUSTEE, Respondent, v MT. HAWLEY INSURANCE COMPANY, Defendant, and 3720 NOSTRAND LAUNDROMAT, LLC, Appellant. [63 NYS3d 476]—

In an action, inter alia, for declaratory relief and common-law and contractual indemnification, the defendant 3720 Nostrand Laundromat, LLC, appeals from an order of the Supreme Court, Queens County (E. Hart, J.), entered February 17, 2017, which denied its motion to sever the second and third causes of action asserted against it from the first cause of action asserted against the defendant Mt. Hawley Insurance Company.

Ordered that the order is affirmed, with costs.

The plaintiff is the owner of real property in Brooklyn (hereinafter the subject premises), which it leased to the defendant 3720 Nostrand Laundromat, LLC (hereinafter the Laundromat). The plaintiff was named as the only defendant in a separate action commenced by Ludmila Burtman to recover damages for personal injuries she allegedly sustained when she tripped on the sidewalk outside the subject premises (hereinafter the Burtman action). The plaintiff tendered its defense in the Burtman action to the defendant Mt. Hawley Insurance Company (hereinafter Mt. Hawley), as an additional insured on a policy of insurance Mt. Hawley issued to the Laundromat. Mt. Hawley denied the plaintiff's request. The plaintiff thereafter commenced this action against Mt. Hawley for a judgment declaring that Mt. Hawley is obligated to defend and indemnify it in the Burtman action, and against the Laundromat, seeking, inter alia, common-law and contractual indemnification or contribution and damages for failure to procure insurance. The Laundromat moved to sever the causes of action asserted against it from the cause of action asserted against

Mt. Hawley. The Supreme Court denied the motion, and the Laundromat appeals.

CPLR 603 permits a court to sever claims "[i]n furtherance of convenience or to avoid prejudice." The "denial of a request for severance is a matter of judicial discretion, which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking severance" (*Chiarello v Rio*, 101 AD3d 793, 797 [2012]; *see Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d 726, 727 [2006]).

In arguing that the Supreme Court improvidently exercised its discretion in denying its motion for severance, the Laundromat asserts that it is generally recognized that it is prejudicial to have the issue of insurance coverage tried before the jury that considers the underlying liability claims (*see Kelly v Yannotti*, 4 NY2d 603, 607 [1958]; *Christensen v Weeks*, 15 AD3d 330, 331 [2005]; *Medick v Millers Livestock Mkt.*, 248 AD2d 864, 865 [1998]; *Schorr Bros. Dev. Corp. v Continental Ins. Co.*, 174 AD2d 722 [1991]). However, the courts have recognized such potential for prejudice where the liability claims are asserted against the party whose insurance coverage is also in question (*see Kelly v Yannotti*, 4 NY2d at 607; *Christensen v Weeks*, 15 AD3d at 331; *Medick v Millers Livestock Mkt.*, 248 AD2d at 865; *Schorr Bros. Dev. Corp. v Continental Ins. Co.*, 174 AD2d at 722). Those are not the circumstances here, where the liability issues relate to whether the Laundromat was negligent and the insurance coverage issues relate to whether the plaintiff is covered, separately, as an additional insured. Further, there would be the potential for inconsistent verdicts on the cause of action against Mt. Hawley and the plaintiff's claim of failure to procure insurance asserted against the Laundromat if the severance motion were granted. Under these circumstances, it cannot be said that the court's exercise of discretion to deny the motion for severance was improvident (*see Chiarello v Rio*, 101 AD3d at 797; *cf. Hanover Ins. Group v Mezansky*, 105 AD3d 1000, 1001 [2013]).

The defendant's remaining contention is without merit. Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.