Appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 5, 2014. The order, insofar as appealed from, denied the motion of the second third-party defendant to sever the second third-party action.
 

 Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the motion of the second third-party defendant to sever the second third-party action is granted.
 

 The Supreme Court improvidently exercised its discretion in denying the motion of the second third-party defendant, Harleysville Insurance (hereinafter Harleysville), to sever the second third-party action from the main action and the other third-party actions in this matter. “It is generally recognized that, even where common facts exist, it is prejudicial to insurers ‘to have the issue of insurance coverage tried before the jury that considers the underlying liability claims’” (Medick v Millers Livestock Mkt., 248 AD2d 864, 865 [1998], quoting Schorr Bros. Dev. Corp. v Continental Ins. Co., 174 AD2d 722, 722 [1991]; see Christensen v Weeks, 15 AD3d 330, 331 [2005]). In light of the differing issues raised in the main action and second third-party action, and the potential prejudice to Harleysville stemming from the joint trial of those actions, severance of the second third-party action was warranted (see Christensen v Weeks, 15 AD3d at 331; Golfo v Loevner, 7 AD3d 568 [2004]; see also Burlington Ins. Co. v Guma Constr. Corp., 66 AD3d 622, 625 [2009]).
 

 Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.