Hershfeld v JM Woodworth Risk Retention Group, Inc. (2018 NY Slip Op 06229)





Hershfeld v JM Woodworth Risk Retention Group, Inc.


2018 NY Slip Op 06229


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-10905
 (Index No. 710870/16)

[*1]Alvin Hershfeld, etc., et al., respondents, 
v
JM Woodworth Risk Retention Group, Inc., appellant, et al., defendants.


Garbarani & Scher, P.C., New York, NY (William D. Buckley of counsel), for appellant.
Vincent D. McNamara, East Norwich, NY (Helen M. Benzie of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract and for declaratory relief, the defendant JM Woodworth Risk Retention Group, Inc., appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered September 28, 2017. The order, insofar as appealed from, granted that branch of the renewed motion of the plaintiffs Alvin Hershfeld and Medical Office of Howard Beach, P.C., which was to consolidate the action with an action entitled Leone v Hershfeld, pending in the same court under Index No. 705826/13, for the purpose of a joint trial and to amend the caption accordingly.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the renewed motion which was to consolidate this action with the action entitled Leone v Hershfeld, pending in the Supreme Court, Queens County, under Index No. 705826/13, for the purpose of a joint trial and to amend the caption accordingly is denied.
On or about December 9, 2013, Salvatore Leone and Santa Leone (hereinafter together the Leones) commenced an action to recover damages for medical malpractice against Alvin Hershfeld and Medical Office of Howard Beach, P.C. (hereinafter together Hershfeld; hereinafter the malpractice action). On or about September 8, 2016, Hershfeld commenced the instant action against JM Woodworth Risk Retention Group, Inc. (hereinafter JM Woodworth), seeking a declaration that JM Woodworth was obligated to defend and/or indemnify Hershfeld in the malpractice action, and to recover damages for breach of contract, and also named the Leones as defendants. Hershfeld thereafter moved to consolidate the instant action with the malpractice action for all purposes. The Supreme Court granted that branch of the motion which was to consolidate the two actions for the purpose of a joint trial and to amend the caption accordingly. JM Woodworth appeals, and we reverse.
"Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602(a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion" (Longo v Fogg, 150 AD3d 724, 725). A trial court has broad [*2]discretion in determining whether to order consolidation (see CPLR 602[a]; J & A Vending v J.A.M. Vending, 268 AD2d 505).
The Supreme Court improvidently exercised its discretion in consolidating the two actions for the purpose of a joint trial and in amending the caption accordingly. In the malpractice action, the issues involve, inter alia, the alleged negligence of Hershfeld and the alleged damages suffered by the Leones. In the instant action, the issue to be resolved is JM Woodworth's alleged contractual obligation to provide insurance coverage to Hershfeld in the malpractice action. The two actions do not involve common questions of law or fact (see CPLR 602[a]; Poalacin v Mall Props., Inc., 155 AD3d 900; Golfo v Loevner, 7 AD3d 568; Emmetsberger v Mitchell, 7 AD3d 483). Moreover, a joint trial of the two actions could result in substantial prejudice to JM Woodworth. Indeed, it has long been recognized that it is inherently prejudicial to insurers to have the issue of insurance coverage tried before the jury that considers the underlying liability claims, even where common questions of law and fact exist (see Kelly v Yannotti, 4 NY2d 603; Poalacin v Mall Props., Inc., 155 AD3d 900; Isidore Margel Trust Mitzi Zank Trustee v Mt. Hawley Ins. Co., 155 AD3d 618, 619; Christensen v Weeks, 15 AD3d 330, 331; Schorr Bros. Dev. Corp. v Continental Ins. Co., 174 AD2d 722; Dreizen v Morris I. Stoler, Inc., 98 AD2d 759; Mancuso v Bellerive, 50 AD2d 802). Accordingly, that branch of Hershfeld's renewed motion which was to consolidate the malpractice action with the instant action for the purpose of a joint trial and to amend the caption accordingly should have been denied.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court