Bennett v State Farm Fire & Cas. Co. (2020 NY Slip Op 01899)





Bennett v State Farm Fire & Cas. Co.


2020 NY Slip Op 01899


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-09306
2018-09307
 (Index No. 10385/13)

[*1]Richard Bennett, et al., respondents, 
v
State Farm Fire and Casualty Company, et al., defendants, Creative Landscaping by Cow Bay, Inc., appellant (and other actions).


Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Adonaid Medina of counsel), for appellant.
Edward J. Boyle, Manhasset, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages pursuant to Navigation Law article 12, the defendant Creative Landscaping by Cow Bay, Inc., appeals from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated July 11, 2018, and (2) an order of the same court dated July 12, 2018. The order dated July 11, 2018, granted the plaintiffs' motion pursuant to CPLR 3103 for a protective order precluding the deposition of a nonparty witness concerning the results of soil boring tests performed at the subject property and preventing the disclosure of an investigation report prepared by the plaintiffs' engineering expert based upon those test results. The order dated July 12, 2018, insofar as appealed from, denied the motion of the defendant Creative Landscaping by Cow Bay, Inc., pursuant to CPLR 603 to sever the trial of the plaintiffs' causes of action against it from the trial of the plaintiffs' causes of action against the defendant Star Net Insurance Company, and, sua sponte, severed the trial of the plaintiffs' causes of action against the defendants Creative Landscaping by Cow Bay, Inc., and Star Net Insurance Company from the trial of the plaintiffs' causes of action against the defendants Lewis Oil Company, Champion Energy Corp., and Zurich American Insurance Company, also known as Zurich North America.
ORDERED that the order dated July 11, 2018, is affirmed; and it is further, ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated July 12, 2018, as, sua sponte, severed the trial of the plaintiffs' causes of action against the defendants Creative Landscaping by Cow Bay, Inc., and Star Net Insurance Company from the trial of the plaintiffs' causes of action against the defendants Lewis Oil Company, Champion Energy Corp., and Zurich American Insurance Company, also known as Zurich North America, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated July 12, 2018, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, sua sponte, severing the trial of the plaintiffs' causes of action against the defendants Creative Landscaping by Cow Bay, Inc., and Star Net Insurance Company from the trial of the plaintiffs' causes of action against the defendants Lewis [*2]Oil Company, Champion Energy Corp., and Zurich American Insurance Company, also known as Zurich North America; as so modified, the order dated July 12, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendant Creative Landscaping by Cow Bay, Inc.
In May 2011, the defendant Creative Landscaping by Cow Bay, Inc. (hereinafter Creative Landscaping), severed an underground fuel oil line at the plaintiffs' property in the course of performing sprinkler repairs. Shortly thereafter, the plaintiffs' heating oil provider, the defendant Lewis Oil Company (hereinafter Lewis Oil), delivered approximately 700 gallons of home heating oil to the home. Due to the severed underground fuel oil line, a large quantity of heating oil allegedly leaked into the ground on the plaintiffs' property. Thereafter, the plaintiffs commenced this action against, among others, Creative Landscaping, its insurer, the defendant Star Net Insurance Company (hereinafter Star Net), Lewis Oil, its alleged insurer, the defendant Zurich American Insurance Company, also known as Zurich North America (hereinafter Zurich), and the defendant Champion Energy Corp. (hereinafter Champion), the successor in interest to Lewis Oil, seeking, inter alia, to recover damages pursuant to Navigation Law article 12.
In April 2014, the Supreme Court granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability insofar as asserted against Creative Landscaping and Star Net, and directed the action against those defendants to proceed to a trial on the issue of damages. Creative Landscaping and Star Net appealed from that determination and, in Bennett v State Farm Fire & Cas. Co. (137 AD3d 725), this Court affirmed that determination, holding that the plaintiffs established that Creative Landscaping and its insurer, Star Net, were strictly liable under the Navigation Law for damages stemming from the oil spill (see id. at 726-727).
In June 2018, the plaintiffs moved pursuant to CPLR 3103 for a protective order precluding the deposition of a nonparty witness concerning the results of soil boring tests performed at the property in 2018 and preventing the disclosure of an investigation report prepared by the plaintiffs' engineering expert based upon those test results. Additionally, in June 2018, Creative Landscaping moved pursuant to CPLR 603 to sever the trial of the plaintiffs' causes of action against it from the trial of the plaintiffs' causes of action against Star Net.
In an order dated July 11, 2018, the Supreme Court granted the plaintiffs' motion pursuant to CPLR 3103 for a protective order. In an order dated July 12, 2018, the Supreme Court, inter alia, denied Creative Landscaping's motion pursuant to CPLR 603 to sever the trial of the plaintiffs' causes of action against it from the trial of the plaintiffs' causes of action against Star Net, and, sua sponte, severed the trial of the plaintiffs' causes of action against Creative Landscaping and Star Net from the trial of the plaintiffs' causes of action against Lewis Oil Company, Champion, and Zurich. Creative Landscaping appeals.
The Supreme Court providently exercised its discretion in granting the plaintiffs' motion pursuant to CPLR 3103 for a protective order precluding the deposition of a nonparty witness concerning the results of soil boring tests performed at the property and preventing the disclosure of an investigation report prepared by the plaintiffs' engineering expert based upon those test results. The plaintiffs established that the data sought was generated solely in anticipation of litigation or for trial (see CPLR 3101[d][2]; Daniels v Armstrong, 42 AD3d 558). Further, Creative Landscaping failed to establish that it had a substantial need for the report and deposition in the preparation of its case and could not, without undue hardship, obtain the substantial equivalent of the information sought by other means (see CPLR 3101[d][2]; Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729, 732; Daniels v Armstrong, 42 AD3d at 558).
We agree with Creative that the Supreme Court should not have, sua sponte, severed the trial of the plaintiffs' causes of action against Creative Landscaping and Star Net from the trial of the plaintiffs' causes of action against Lewis Oil, Champion, and Zurich. "In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate [*3]trial of any claim, or of any separate issue" (CPLR 603). "The determination to grant or deny a request for a severance pursuant to CPLR 603 is a matter of judicial discretion" (Naylor v Knoll Farms of Suffolk County, Inc., 31 AD3d 726, 727; see Herskovitz v Klein, 91 AD3d 598, 598-599). "[S]everance may be inappropriate where there are common factual and legal issues involved in two causes of action, and the interests of judicial economy and consistency of verdicts will be served by having a single trial" (Herskovitz v Klein, 91 AD3d at 599; see Barrett v New York City Health & Hosps. Corp., 150 AD3d 949, 951). Here, there are common factual and legal issues involved in the plaintiffs' causes of action against Creative Landscaping and Star Net, and those asserted against Lewis Oil, Champion, and Zurich, and the interests of judicial economy and consistency of verdicts will be served by having a single trial (see Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507; Naylor v Knoll Farms of Suffolk County, Inc., 31 AD3d at 727; State of New York v Griffith Oil Co., 299 AD2d 894, 896).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying Creative Landscaping's motion pursuant to CPLR 603 to sever the trial of the plaintiffs' causes of action against it from the trial of the plaintiffs' causes of action against Star Net. Although the issue of Creative Landscaping's insurance coverage by Star Net will be before the jury, the issue of the liability of those entities has already been determined (cf. Christensen v Weeks, 15 AD3d 330, 331). Furthermore, any potential for prejudice is outweighed by the possibility of inconsistent verdicts in the event that the causes of action against those entities were tried separately, and any prejudice to Creative Landscaping can be mitigated by the trial court with the appropriate jury instructions (see Isidore Margel Trust Mitzi Zank Trustee v Mt. Hawley Ins. Co., 155 AD3d 618, 619; Hanover Ins. Group v Mezansky, 105 AD3d 1000, 1001; Chiarello v Rio, 101 AD3d 793, 797).
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court