■ HILLTOP NYACK CORP. et al., Respondents, v TRMI HOLDINGS INC. et al., Appellants, GETTY OIL COMPANY et al.,

Respondents, et al., Defendants. [708 NYS2d 138] —In an action, *inter alia*, to recover damages for negligence, trespass, and nuisance, (1) the defendant TRMI Holdings Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), entered March 31, 1999, as denied those branches of its motion which were for summary judgment dismissing the first, third, fourth, fifth, and sixth causes of action and the cross claims insofar as asserted against it, or, pursuant to CPLR 3126, to preclude the plaintiffs from offering expert testimony against it at the trial, and (2) the defendants James Miner and John A. Weigel, d/b/a J&J Associates, separately appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the first, third, fourth, fifth, and sixth causes of action and the cross claims insofar as asserted against them.

Ordered that the order is modified by deleting the provisions thereof which denied those branches of the motion of the defendant TRMI Holdings Inc., which were for summary judgment dismissing the first, third, fourth, fifth, and sixth causes of action and the cross claims insofar as asserted against it, and substituting therefor a provision granting those branches of that motion and dismissing those causes of action and the cross claims insofar as asserted against TRMI Holdings Inc.; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiffs-respondents to the appellant TRMI Holdings Inc.

The plaintiffs, the owners of a restaurant in the Village of Nyack in Rockland County, commenced this action to recover damages for injuries to their property allegedly caused by a gasoline leak from an adjacent gasoline service station. The complaint named as defendants the former and present owners, operators, and suppliers of the gasoline station and two environmental contractors who removed the underground gasoline storage tanks on July 16, 1992, and investigated the leak. The complaint asserted five causes of action to recover damages based on violations of the Navigation Law, common-law strict liability, negligence, trespass, and nuisance. In a sixth cause of action, the plaintiffs sought to enjoin the defendants from trespassing upon their property and/or from continuing the nuisance.

On a prior appeal brought by the two environmental contractors, this Court affirmed the dismissal of the second cause of action to recover damages for common-law strict liability but reinstated the remaining five causes of action (*see, Hilltop*

*Nyack Corp. v TRMI Holdings,* 264 AD2d 503). The present appeals were brought by the defendant TRMI Holdings Inc. (hereinafter TRMI), which allegedly operated the gasoline station before February 1, 1985, and the defendants James Miner and John A. Weigel, d/b/a J&J Associates (hereinafter J&J Associates), which allegedly operated the gasoline station from about July 1993 to November 1997. Each of those defendants moved, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against them. Alternatively, TRMI moved pursuant to CPLR 3126 to preclude the plaintiffs from offering expert testimony against it at the trial. The Supreme Court granted those branches of the motions which were to dismiss the second cause of action alleging common-law strict liability and otherwise denied their motions.

The remaining causes of action should be dismissed insofar as asserted against TRMI. TRMI made a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Once that showing was made, the burden shifted to the plaintiffs to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). With respect to the first cause of action, which alleged strict liability under Navigation Law § 181, the plaintiffs primarily relied on one sentence in a seven-page affidavit submitted by their expert, which vaguely suggested that a petroleum discharge may have occurred "at least during the late 1970's and continued through the 1980's". That conclusory and speculative allegation did not raise a triable issue of fact sufficient to defeat the motion (*see, Romano v Stanley,* 90 NY2d 444; *Aghabi v Sebro,* 256 AD2d 287).

Similarly, the plaintiffs failed to come forward with evidence of any intentional, reckless, or negligent act or omission on TRMI's part that arguably caused or contributed to the contamination of their property. Accordingly, the third cause of action alleging negligence, the fourth cause of action alleging trespass, the fifth cause of action alleging nuisance, and the sixth cause of action for an injunction must be dismissed (*see, Prato v Vigliotta,* 253 AD2d 749; *Strand v Neglia,* 232 AD2d 907). In view of the foregoing, the question of precluding expert testimony against TRMI at the trial is academic.

In contrast, there are genuine issues of fact as to whether the new gasoline storage tanks that J&J Associates installed in 1993 contributed to the contamination of the plaintiffs' prop-

erty, which preclude the granting of summary judgment in its favor on the remaining causes of action. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.