■ MICHAEL MASTERSON, an Infant, by His Mother and Natural Guardian, PHYLLIS MASTERSON et al., Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. TONY RUGGIERO, INC., et al., Third-Party Defendants. [709 NYS2d 831] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated June 11, 1999, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that there was no evidence demonstrating that the defendant was responsible for the wet condition of the slide where the infant plaintiff was injured. The defendant made a prima facie showing of its entitlement to summary judgment, thereby shifting the burden to the plaintiffs to establish the existence of a material issue of fact to preclude the granting of summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557). The affidavit of the plaintiffs' expert averring that the defendant was responsible for the wet condition of the slide was not based on any evidence in the record and, hence, his conclusion was purely speculative and failed to create any issue of fact (*see, Glorioso v Schnabel,* 253 AD2d 787; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540). Thus, liability cannot be imposed on the defendant, which "merely furnished the condition or occasion for the occurrence of the event", and was not one of its causes (*Shatz v Kutshers Country Club,* 247 AD2d 375). Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.