■ MARK HJERPE et al., Appellants, v ROBERT GLOBERMAN, Respondent. [721 NYS2d 367] —In an action pursuant to Navigation Law § 181 for a judgment declaring that the plaintiffs are entitled to indemnification and damages resulting from the defendant's discharge of petroleum, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), dated March 28, 2000, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiffs are not entitled to indemnification and damages from the defendant pursuant to Navigation Law § 181.

The plaintiffs purchased residential property from the defendant in May 1996. At the time of the sale, the property contained an underground storage tank (hereinafter UST), for storing fuel oil to heat the home. There is no dispute that the plaintiffs had the UST filled with fuel oil several times after the closing. In March 1998, the plaintiffs encountered a problem with the oil burner in the house and decided to have an above-ground oil tank installed and the UST disabled. The contractor hired to disable the UST discovered that the UST had large holes at its bottom and had been leaking for "quite some time." The plaintiffs sought to recover from the defendant the costs of curing the contamination. The defendant refused to contribute to the costs, and the plaintiffs commenced this action. The plaintiffs moved for summary judgment and the de-

fendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and granted the cross motion, holding that the plaintiffs, as "dischargers" under Navigation Law § 181, were precluded from seeking indemnification pursuant to that statute. We affirm.

Navigation Law § 181 (1) provides that "[a]ny person who has discharged petroleum" is strictly liable, "without regard to fault, for all cleanup and removal costs and all direct and indirect damages." Navigation Law § 181 (5) provides: "Any claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability imposed by this section may be brought directly against the person who has discharged the petroleum."

However, a claim may only be maintained by a person "who is not responsible for the discharge" (Navigation Law § 172 [3]). "Discharge" is defined as an "action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum" (Navigation Law § 172 [8]). The Court of Appeals held, in *White v Long* (85 NY2d 564), that while a person who "is responsible for the discharge" may not bring a claim under Navigation Law § 181 (5), the owner of the property at which petroleum has been released may have a claim under the Navigation Law provided such person did not cause or contribute to the contamination (*see, White v Long, supra*, at 568-569; *see also, White v Long,* 229 AD2d 178; *Drouin v Ridge Lbr.,* 209 AD2d 957, 958-959). Once it is established that the property owner caused or contributed to the spill, the property owner will be precluded from seeking indemnification from another discharger (*see, White v Long, supra*, at 181; *see also, Calabro v Sun Oil Co.,* 276 AD2d 858).

Here, the dispositive question is whether there is sufficient evidence in the record for the Supreme Court to conclude that the plaintiffs were dischargers under Navigation Law § 181. There is no dispute that the plaintiffs filled the UST during the two years between the closing and the discovery of the leaking condition. While it may be unclear exactly when the leaking began, there is no question that the leak existed during the time that the plaintiffs were filling the tank. Accordingly, the defendant met his burden on his cross motion for summary judgment. In opposition, the plaintiffs submitted no evidence sufficient to create an issue of fact regarding their status as a "discharger" under the Navigation Law.

Since this is a declaratory judgment action, the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiffs are not entitled

to indemnification and damages from the defendant pursuant to Navigation Law § 181 (*see, Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 317 US 74, *cert denied* 371 US 901). Bracken, Acting P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.