■ FUCHS & BERGH, INC., et al., Appellants, v LANCE ENTERPRISES, INC., Doing Business as LARRY ANCEWICZ, et al., Respondents. (And a Third-Party Action.) [802 NYS2d 749]—

In an action, inter alia, to recover for property damage, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 24, 2004, as denied their cross motion for summary judgment and granted that branch of the motion of the defendants Andy Hoffman and Andy Hoffman Burner Service, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' cross motion which was for summary judgment against the defendants Lance Enterprises, Inc., doing business as Larry Ancewicz, and Larry's Fuel Inc., doing business as Larry's Fuel and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendants Lance Enterprises, Inc., doing business as Larry Ancewicz, and Larry's Fuel Inc., doing business as Larry's Fuel, and one bill of costs to the defendants Andy Hoffman and Andy Hoffman Burner Service, Inc., payable by the plaintiffs.

The Supreme Court correctly determined that the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the defendants Lance Enterprises, Inc., doing business as Larry Ancewicz, and Larry's Fuel Inc., doing business as Larry's Fuel (hereinafter the Lance defendants), overfilled one of the plaintiffs' two oil tanks and discharged oil onto the plaintiffs' premises. However, the Supreme Court erroneously determined that the Lance defendants raised triable issues of fact as to whether the plaintiffs' acts or a "pre-existing leaky condition" of a second oil tank caused or contributed to the discharge.

Navigation Law § 181 (1) provides that "[a]ny person who has discharged petroleum" is strictly liable, "without regard to fault, for all cleanup and removal costs and all direct and indirect damages." Navigation Law § 181 (5) provides that "[a]ny claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability imposed by this section may be brought against the person who has discharged the petroleum." "Discharge" is

defined as "any intentional or unintentional action or omission resulting in the . . . spilling [or] leaking . . . of petroleum" (Navigation Law § 172 [8]).

However, a "claim" may only be asserted by an injured person "who is not responsible for the discharge" (Navigation Law § 172 [3]). Therefore, provided that the injured person did not cause or contribute to the discharge, he or she is not precluded from bringing a claim (*see White v Long*, 85 NY2d 564, 568-569 [1995]; *Hjerpe v Globerman*, 280 AD2d 646, 647 [2001]).

Here, the Lance defendants' submission of the remediation companies' job files demonstrated that the sole cause of the discharge was the Lance defendants' act of overfilling one of the plaintiffs' oil tanks. Although the job files noted a leak in the second oil tank, it was not discovered until five months after the discharge, and there was no evidence that connected the leak to the discharge. Similarly, the job files failed to demonstrate that leaks later discovered in the overfilled tank caused or contributed to the discharge (*see Prato v Vigliotta*, 253 AD2d 749, 750 [1998]).

Furthermore, the affidavits proffered by the employees of the remediation companies were vague, conclusory, speculative, and insufficient to raise a triable issue of fact (*see Hilltop Nyack Corp. v TRMI Holdings*, 272 AD2d 521, 523 [2000]).

Contrary to the plaintiffs' contention, the defendants Andy Hoffman and Andy Hoffman Burner Service, Inc. (hereinafter the Hoffman defendants), established their entitlement to judgment as a matter of law by demonstrating that they only serviced the plaintiffs' oil burner and boilers, which were located in a separate room 70 feet away from the oil tanks, and that they did not cause or contribute to the discharge (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Since the plaintiffs failed to raise a triable issue of fact in opposition to the motion, the Supreme Court properly granted that branch of the motion of the Hoffman defendants which was for summary judgment dismissing the amended complaint insofar as asserted against them (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Hilltop Nyack Corp. v TRMI Holdings, supra* at 523). S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur. [*See* 5 Misc 3d 1009(A), 2004 NY Slip Op 51277(U) (2004).]