(November 13, 2009)

■ HOWARD A. SWEET et al., Respondents-Appellants, v TEXACO, INC., et al., Appellants-Respondents. [890 NYS2d 233]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered October 14, 2008. The order granted in part and denied in part defendants' motion for summary judgment and plaintiffs' cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for summary judgment dismissing the fifth cause of action and dismissing that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, indemnification and contribution from defendants for the cost of remediating a contaminated parcel of land. Defendants leased or owned the subject parcel, which was and continues to be used as a gas station, from 1950 until 1981. Plaintiff Howard A. Sweet purchased the property in 1981, and plaintiff 5341 Broadway, Lancaster, LLC (Lancaster, LLC) purchased the property from plaintiff and his wife, plaintiff Barbara L. Sweet, in 2004. The Sweet plaintiffs were the sole members of Lancaster, LLC. During the time in which defendants leased or owned the

property, they installed underground storage tanks for petroleum. They controlled and maintained the storage tanks until the tanks were removed from the northeast portion of the property in 1966. In 2002, it was discovered that the subject parcel was contaminated by petroleum in areas that included the northeast portion of the property, from which the tanks had been removed. Defendants moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for partial summary judgment on liability on their first and second causes of action for, respectively, strict liability and contribution under the Navigation Law. As relevant on this appeal by defendants and cross appeal by plaintiffs, Supreme Court denied those parts of defendants' motion seeking summary judgment dismissing the first and second causes of action, as well as the seventh cause of action, for common-law indemnification, and the 10th cause of action, for a declaratory judgment. The court granted that part of plaintiffs' cross motion with respect to the second cause of action and denied that part of the cross motion with respect to the first cause of action.

We conclude that the court properly denied those parts of defendants' motion and plaintiffs' cross motion with respect to the first cause of action, for strict liability under the Navigation Law, and that part of defendants' motion with respect to the seventh cause of action, for common-law indemnification. Although plaintiffs submitted unrefuted evidence that "a certain amount of the petroleum [causing the contamination] was manufactured and discharged during [defendants'] ownership" (*State of New York v Passalacqua*, 19 AD3d 786, 789 [2005]; *see* Navigation Law § 181 [1], [5]), there are issues of fact on the record before us based on the submissions of both plaintiffs and defendants whether plaintiffs contributed to the contamination (*see Hjerpe v Globerman*, 280 AD2d 646, 647 [2001]; *see also White v Long*, 85 NY2d 564, 568-569 [1995]). "Once it is established that the property owner caused or contributed to the spill, the property owner will be precluded from seeking indemnification from another discharger" (*Hjerpe*, 280 AD2d at 647).

We further conclude, however, that the court properly granted that part of plaintiffs' cross motion with respect to the second cause of action, seeking contribution under the Navigation Law. Contrary to the contention of defendants, the unrefuted evidence establishes that they were dischargers within the meaning of Navigation Law § 181 (1), and thus plaintiffs are entitled to contribution from them as a matter of law pursuant to Navigation Law § 176 (8). Defendants' contention that plaintiffs

lack standing to seek contribution pursuant to Navigation Law § 176 because they lacked the requisite agency approval for remediation and because they had not yet commenced remediation is raised for the first time on appeal, as are defendants' contentions with respect to the cause of action for common-law contribution. Thus, those contentions are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]).

We agree with defendants, however, that the court should have granted that part of their motion with respect to the fifth cause of action, for public nuisance, and we therefore modify the order accordingly. That cause of action, alleging public nuisance, is time-barred (*see generally* CPLR 214-c [2]), inasmuch as it is undisputed that plaintiff Howard Sweet was aware upon purchasing the property in 1981 that a gas station had been operated there since the 1950s, and plaintiffs were aware of the existence and removal of the underground storage tanks in question. Prior to purchasing the property in 1981, Howard Sweet should have investigated the possibility of any petroleum contamination, and his failure to do so constitutes a lack of "reasonable diligence" (CPLR 214-c [2]; *see Patel v Exxon Corp.* [appeal No. 2], 284 AD2d 1007 [2001], *lv dismissed* 96 NY2d 937 [2001]), which also is attributable to the remaining plaintiffs by virtue of their interrelationship.

Finally, we reject the contention of defendants that the court erred in denying that part of their motion for summary judgment dismissing the 10th cause of action, seeking a declaratory judgment. Plaintiffs have been ordered to submit a plan and schedule for remediation of the contaminated parcel and thus, contrary to defendants' contention, there is "a substantial legal controversy . . . [concerning the issue of future remediation costs] that may be resolved by a declaration of the parties' legal rights" (*Ide v Del Monte Corp.*, 209 AD2d 974, 975 [1994]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.