■ THOMAS NAPPI et al., Respondents-Appellants, v RICHARD HOLUB et al., Appellants-Respondents, et al., Defendant. [913 NYS2d 765]—

In an action, inter alia, to recover damages resulting from the discharge of petroleum pursuant to Navigation Law § 181 and for declaratory relief, the defendants Richard Holub and Holub Enterprises, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered June 12, 2009, as denied those branches of their motion which were for summary judgment dismissing the fifth cause of

action insofar as asserted against them, and dismissing the sixth through eighth causes of action insofar as asserted against the defendant Holub Enterprises, Inc., and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the motion of the defendants Richard Holub and Holub Enterprises, Inc., which were for summary judgment on the issue of liability on those defendants' first and second counterclaims, and for summary judgment dismissing the first through fourth causes of action insofar as asserted against those defendants and dismissing the sixth through eighth causes of action insofar as asserted against the defendant Richard Holub.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Richard Holub and Holub Enterprises, Inc., which were for summary judgment on the issue of liability on their first and second counterclaims and for summary judgment dismissing the first through fourth causes of action insofar as asserted against them, and substituting therefore a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.

The plaintiffs owned certain property upon which a gasoline service station was operated by the defendant lessee Holub Enterprises, Inc., and its sole shareholder, the defendant Richard Holub (hereinafter together the Holub defendants). In December 2005 the plaintiffs commenced this action against, among others, the Holub defendants, inter alia, to recover costs incurred for the investigation and remediation of petroleum contamination that was discovered on the property in October 1991 and in January 2001. The first cause of action sought to recover damages pursuant to Navigation Law § 181 resulting from the petroleum contamination that was discovered in October 1991, and the second through fourth causes of action sought restitution, indemnification, and contribution for the costs incurred in investigating and remediating the October 1991 contamination. The fifth through eighth causes of action similarly alleged a violation of Navigation Law § 181, and sought restitution, indemnification, and contribution, respectively, for the cleanup costs associated with the January 2001 contamination. The complaint also sought, among other things, a declaration that the Holub defendants were liable for all future remediation costs incurred by the plaintiffs. The Holub defendants counterclaimed, inter alia, pursuant to Navigation Law § 181 to recover electricity costs incurred in connection with the

remediation of the October 1991 contamination, plus an award of an attorney's fee and expert fees.

As relevant here, the Supreme Court granted those branches of the Holub defendants' motion which were for summary judgment on the issue of liability on their first and second counterclaims, and for summary judgment dismissing the first through fourth causes of action insofar as asserted against them and dismissing the sixth through eighth causes of action insofar as asserted against the defendant Richard Holub. The Supreme Court denied those branches of the Holub defendants' motion which were for summary judgment dismissing the fifth cause of action insofar as asserted against them and the sixth through eighth causes of action insofar as asserted against the defendant Holub Enterprises, Inc. We modify.

"Navigation Law § 181 (1) provides that '[a]ny person who has discharged petroleum' is strictly liable, 'without regard to fault, for all cleanup and removal costs and all direct and indirect damages' " (*Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 22 AD3d 715, 716 [2005], quoting Navigation Law § 181 [1]; *see Hjerpe v Globerman*, 280 AD2d 646, 647 [2001]). However, a faultless property owner who is held strictly liable for the costs of a petroleum discharge may bring a claim as an "injured person" for the cost of cleanup and removal against any other party who actually caused or contributed to the discharge (*see* Navigation Law § 181 [5]; *White v Long*, 85 NY2d 564, 568-569 [1995]; *General Cas. Ins. Co. v Kerr Heating Prods.*, 48 AD3d 512, 513 [2008]).

Here, the Holub defendants failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability on their first and second counterclaims, and dismissing the first cause of action insofar as asserted against them. In support of their motion, the Holub defendants submitted the affidavit of an expert who concluded that the only identifiable source of the October 1991 contamination was an overfill of gasoline that occurred on the premises in March 1981, more than two years before the plaintiff Thomas Nappi and his associates purchased the property. Thus, contrary to the Supreme Court's determination, the Holub defendants failed to establish, prima facie, that the plaintiffs caused or contributed to the October 1991 contamination, which would have precluded them from bringing a claim under Navigation Law § 181 (5) with respect to this contamination (*see Hjerpe v Globerman*, 280 AD2d at 647). In addition, the Holub defendants' submissions failed to establish, prima facie, that they did not cause or contribute to the October 1991 contamination (*cf. Fuchs & Bergh, Inc. v Lance*

*Enters., Inc.*, 22 AD3d at 717). Moreover, the Holub defendants similarly failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the second through fourth causes of action insofar as asserted against them. Accordingly, since the Holub defendants failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability on their first and second counterclaims, and dismissing the first through fourth causes of actions insofar as asserted against them, the Supreme Court should have denied those branches of their motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court properly denied those branches of the Holub defendants' motion which were for summary judgment dismissing the fifth cause of action insofar as asserted against them, and the sixth through eighth causes of action insofar as asserted against the defendant Holub Enterprises, Inc. In opposition to the Holub defendants' prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the plaintiffs raised a triable issue of fact as to whether the Holub defendants caused or contributed to the January 2001 contamination (*see White v Long*, 85 NY2d at 568-569).

The parties' remaining contentions are without merit. Florio, J.P., Balkin, Eng and Leventhal, JJ., concur.