■ AARON SELIGSON et al., Appellants-Respondents, v ALBERT RUSSO et al., Respondents-Appellants. [937 NYS2d 10]—

The court properly imposed liability for the costs of remediation of the leak from the oil tank under the partnership's building pursuant to the Navigation Law, which imposes strict liability on "[a]ny person who has discharged petroleum" onto land "from which it might flow or drain into" the waters of the state, which include "bodies of . . . groundwater" (Navigation Law § 181 [1]; § 172 [8], [18]; *see State of New York v New York Cent. Mut. Fire Ins. Co.*, 147 AD2d 77, 79 [1989]). Neither the "as is" clause in the offering memorandum whose terms were incorporated in defendants' right of first refusal nor the assumption agreement explicitly exculpated plaintiffs, 50% owners of the property when the oil leak was discovered, from liability for the leak (*see Umbra U.S.A. v Niagara Frontier Transp. Auth.*, 262 AD2d 980, 981 [1999]). Plaintiffs' argument concerning our decision in *101 Fleet Place Assoc. v New York Tel. Co.* (197 AD2d 27 [1994], *appeal dismissed* 83 NY2d 962 [1994]) is misplaced. That decision involved a broad provision that did not contain an "as is" clause but explicitly imposed liability for "any violation."

The court properly allocated 99.9% of the receiver's commissions to defendants because 99.9% of the proceeds from the sale of the partnership interests was attributable to them.

We have considered the parties' other contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ.