■ WILLIAM KOLBERT et al., Appellants, v MORANIA OIL OF LONG ISLAND, Respondent. [28 NYS3d 913]—

In an action, inter alia, to recover damages pursuant to Navigation Law § 181, resulting from the discharge of petroleum, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered April 22, 2014, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action pursuant to Navigation Law § 181.

Ordered that the order is affirmed insofar as appealed from, with costs.

Navigation Law § 181 (1) provides that "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages." Navigation Law § 181 (5) provides that "[a]ny claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability imposed by this section may be brought directly against the person who has discharged the petroleum." Such a claim may only be maintained by a person who is not responsible for the discharge (*see* Navigation Law § 172 [3]; *Hjerpe v Globerman*, 280 AD2d 646, 647 [2001]). Although even faultless owners of contaminated lands are dischargers for purposes of liability under Navigation Law § 181, where they have not

caused or contributed to and thus are not responsible for the discharge, they should not be precluded from suing those who have actually caused or contributed to such damage (*see White v Long*, 85 NY2d 564, 569 [1995]). Once it is established that the property owner caused or contributed to the spill, the property owner will be precluded from seeking indemnification from another discharger (*see Sweet v Texaco, Inc.*, 67 AD3d 1322, 1323 [2009]; *Hjerpe v Globerman*, 280 AD2d at 647).

Here, the defendant, who provided oil for the plaintiffs' home, established its prima facie entitlement to judgment as a matter of law dismissing the cause of action pursuant to Navigation Law § 181 by demonstrating that it did not cause or contribute to the contamination on the plaintiffs' property, and that the plaintiffs did cause or contribute to that contamination (*cf. Nappi v Holub*, 79 AD3d 1110 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact. Although preclusion of the plaintiffs' expert's affidavit based solely on the ground that the plaintiffs did not timely disclose the expert's identity pursuant to CPLR 3101 (d) (1) (i) was not warranted (*see Begley v City of New York*, 111 AD3d 5, 36 [2013]; *Rivers v Birnbaum*, 102 AD3d 26, 35, 42 [2012]), the expert affidavit was insufficient to raise a triable issue of fact, as the expert's conclusions were speculative and not based upon personal knowledge or evidence in the record (*see Leslie v Splish Splash at Adventureland*, 1 AD3d 320, 321 [2003]; *Masterson v City of New York*, 272 AD2d 591 [2000]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the Navigation Law § 181 cause of action. Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.