■ MARY ELLEN ZINCKE, Respondent, v PACIFIC ENERGY CORP., Appellant, et al., Defendants. [45 NYS3d 510]—

In an action, inter alia, to recover damages pursuant to Navigation Law § 181 resulting from the discharge of petroleum, the defendant Pacific Energy Corp. appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 8, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages pursuant to article 12 of the Navigation Law insofar as asserted against it, and denied that branch of its cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant's employee overfilled the plaintiff's two aboveground home heating oil tanks, located in the plaintiff's cellar, while making a heating oil delivery, causing oil to leak out of a nipple valve at the bottom of one of the tanks onto the cellar floor, which contained several floor drains that emptied directly into the soil beneath the premises. The plaintiff commenced this action, inter alia, to recover damages pursuant to article 12 of the Navigation Law.

Article 12 of the Navigation Law, commonly known as the Oil Spill Act, was enacted to ensure swift, effective cleanup of petroleum spills that threaten the environment (see Navigation Law §§ 170, 171; State of New York v Green, 96 NY2d 403, 406 [2001]). Pursuant to Navigation Law § 181 (1), "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained." A "discharge" is further defined as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters" (Navigation Law § 172 [8]). The term "waters" includes "bodies of surface or groundwater" (Navigation Law § 172 [18]).

The Supreme Court correctly determined that the plaintiff made a prima facie showing of her entitlement to judgment as a matter of law by demonstrating that an employee of the appellant overfilled the plaintiff's oil tanks and discharged oil onto the plaintiff's premises, and that the plaintiff's property was damaged as a result of the discharge (see Navigation Law §§ 181 [1]; 172 [8], [18]; Seligson v Russo, 91 AD3d 462, 462-463 [2012]; Cleary v Wallace Oil Co., Inc., 55 AD3d 773, 777 [2008]; Fuchs & Bergh, Inc. v Lance Enters., Inc., 22 AD3d 715,

717 [2005]; *State of New York v New York Cent. Mut. Fire Ins. Co.*, 147 AD2d 77, 79 [1989]). The appellant failed to raise a triable issue of fact in opposition by demonstrating that it did not spill oil "into the waters of the state or onto lands from which it might flow or drain into said waters" (Navigation Law § 172 [8]). Contrary to the appellant's contention, it was not sufficient for it to merely demonstrate that the oil spill on the plaintiff's property did not actually reach the surface or groundwater. It was required to also demonstrate that the oil spill could not have done so (*see State of New York v Arthur L. Moon, Inc.*, 228 AD2d 826 [1996]). It failed to demonstrate this, prima facie, or to raise a triable issue of fact in this regard.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages pursuant to article 12 of the Navigation Law insofar as asserted against the appellant, and correctly denied that branch of the appellant's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.