Massaro v Rockland Fuel Oil Corp. (2023 NY Slip Op 03689)

Massaro v Rockland Fuel Oil Corp.

2023 NY Slip Op 03689

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-01083
 (Index No. 607346/19)

[*1]Joseph Massaro, appellant, 
v
Rockland Fuel Oil Corp., et al., respondents.

Sunshine, Isaacson & Hecht, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Jericho, NY (Patrick M. Murphy of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Navigation Law § 181, the plaintiff appeals from an order of the Supreme Court, Nassau County (Erica L. Prager, J.), entered February 4, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' first and third affirmative defenses.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages related to an oil spill in the basement of his home which began within approximately 45 minutes after an employee of the defendant Rockland Charter Energy concluded a service call of the plaintiff's home oil-fired heating system. The oil spill was later determined to have resulted from a broken or faulty fitting. In their answer, the defendants asserted culpable conduct and failure to mitigate as their first and third affirmative defenses, respectively. Following discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' first and third affirmative defenses. In an order entered February 4, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Pursuant to Navigation Law § 181(1), "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages" (see State of New York v Speonk Fuel, Inc., 3 NY3d 720, 723; State of New York v Green, 96 NY2d 403, 406; Hjerpe v Globerman, 280 AD2d 646, 647). "Any claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability imposed by [Navigation Law § 181] may be brought directly against the person who has discharged the petroleum" (Navigation Law § 181[5]). "However, a claim may only be maintained by a person 'who is not responsible for the discharge'" (Hjerpe v Globerman, 280 AD2d at 647, quoting Navigation Law § 172[3]; see Bennett v State Farm Fire & Cas. Co., 137 AD3d 725, 726). "Discharge" is defined as an "action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum" (Navigation Law § 172[8]; see State of New York v Green, 96 NY2d at 406-407; Plainview Props. SPE, LLC v County of Nassau, 181 AD3d 731, 732). "[O]wners who have 'control over activities occurring on their property' and reason to believe that petroleum products are stored there are liable as a discharger" (State of New [*2]York v Slezak Petroleum Prods., Inc., 96 AD3d 1200, 1202, quoting State of New York v Green, 96 NY2d at 407). Thus, "the owner of the property at which petroleum has been released may have a claim under the Navigation Law provided such person did not cause or contribute to the contamination" (Hjerpe v Globerman, 280 AD2d at 647; see Kolbert v Morania Oil of Long Is., 138 AD3d 1072, 1072-1073; Carter v Suburban Heating Oil Partners, L.P., 44 AD3d 1221, 1222; Hjerpe v Globerman, 280 AD2d at 647). An owner's "failure, unintentional or otherwise, to take any action in controlling the events that led to the spill or to effect an immediate cleanup renders it liable as a discharger" (State of New York v Green, 96 AD3d at 407; see Kolbert v Morania Oil of Long Is., 138 AD3d at 1073).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability and dismissing the defendants' first and third affirmative defenses by demonstrating that the defendants were dischargers of oil on his property (see Navigation Law § 181; Hjerpe v Globerman, 280 AD2d at 647). However, in opposition, the defendants raised a triable issue of fact as to whether the plaintiff contributed to the oil spill by failing to turn off his heating system despite being told that it would take hours for the technician he requested to arrive at his property after informing the defendants of the spill (see State of New York v Speonk Fuel, Inc., 3 NY3d at 724; State of New York v Green, 96 NY2d at 407; State of New York v Montayne, 199 AD2d 674, 674-675). Notably, the record indicates that the plaintiff had been a co-owner of nonparty Charter Oil Company for 30 years, a family-owned business that had been sold to a predecessor of Rockland Charter Energy prior to the oil spill.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' first and third affirmative defenses.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court