Brilliantine v East Hampton Fuel Oil Corp. (2023 NY Slip Op 06110)

Brilliantine v East Hampton Fuel Oil Corp.

2023 NY Slip Op 06110

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-00869
 (Index No. 619324/17)

[*1]Lance Brilliantine, et al., appellants-respondents,
v
East Hampton Fuel Oil Corp., respondent-appellant.

Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Jeffrey A. Sunshine of counsel), for appellants-respondents.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY (Patrick M. Murphy and Teresa Campano of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Navigation Law § 181, the plaintiffs appeal, and the defendant cross-appeals, from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 8, 2020. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action to recover damages for a violation of Navigation Law § 181 and dismissing the defendant's first and sixth affirmative defenses. The order, insofar as cross-appealed from, denied the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiffs commenced this action to recover damages related to an oil spill from an oil tank located in the basement of their home. The plaintiffs first discovered the oil spill several days after the defendant's employee made an oil delivery while the plaintiffs were away from their home. In its answer, the defendant asserted culpable conduct and failure to mitigate as its first and sixth affirmative defenses, respectively. The plaintiffs moved for summary judgment on the issue of liability on the cause of action to recover damages for a violation of Navigation Law § 181 and dismissing the defendant's first and sixth affirmative defenses, contending, inter alia, that the oil spill was caused by the defendant's overfilling of the oil tank, thereby causing it to rupture. The defendant cross-moved for summary judgment dismissing the complaint, contending, among other things, that it was not a discharger of oil under Navigation Law § 181, because it did not overfill the oil tank, and that the oil spill was the result of a leak in the tank. In an order dated January 8, 2020, the Supreme Court denied the plaintiffs' motion and the defendant's cross-motion. The plaintiffs appeal, and the defendant cross-appeals. We affirm.
"Pursuant to Navigation Law § 181(1), any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages" (Massaro v Rockland Fuel Oil Corp., 218 AD3d 458 [alterations and internal quotation marks omitted]; see State of New York v Speonk Fuel, Inc., 3 NY3d 720, 723; State of New York v Green, 96 NY2d 403, 406; Hjerpe v Globerman, 280 AD2d 646, 647). "Any claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the [*2]strict liability imposed by [Navigation Law § 181] may be brought directly against the person who has discharged the petroleum" (Navigation Law § 181[5]). "However, a claim may only be maintained by a person 'who is not responsible for the discharge'" (Hjerpe v Globerman, 280 AD2d at 647, quoting Navigation Law § 172[3]). "Discharge" is defined as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum" (Navigation Law § 172[8]; see State of New York v Green, 96 NY2d at 406-407; Plainview Props. SPE, LLC v County of Nassau, 181 AD3d 731, 732). "[O]wners who have 'control over activities occurring on their property' and reason to believe that petroleum products are stored there are liable as a discharger" (State of New York v Slezak Petroleum Prods., Inc., 96 AD3d 1200, 1202, quoting State of New York v Green, 96 NY2d at 407). Thus, "the owner of the property at which petroleum has been released may have a claim under the Navigation Law provided such person did not cause or contribute to the contamination" (Hjerpe v Globerman, 280 AD2d at 647; see Kolbert v Morania Oil of Long Is., 138 AD3d 1072, 1072-1073; Carter v Suburban Heating Oil Partners, L.P., 44 AD3d 1221, 1222). An owner's "failure, unintentional or otherwise, to take any action in controlling the events that led to the spill or to effect an immediate cleanup renders it liable as a discharger" (State of New York v Green, 96 NY2d at 407; see Massaro v Rockland Fuel Oil Corp., 218 AD3d 458; Kolbert v Morania Oil of Long Is., 138 AD3d at 1073).
Here, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action to recover damages for a violation of Navigation Law § 181 and dismissing the defendant's first and sixth affirmative defenses. The plaintiffs' submissions failed to eliminate all triable issues of fact as to the cause of the oil spill, and, therefore, whether the defendant was a discharger of oil under Navigation Law § 181, and whether the plaintiffs caused or contributed to the oil spill (see id.; Nappi v Holub, 79 AD3d 1110, 1112; see also Massaro v Rockland Fuel Oil Corp., 218 AD3d 458; cf. Zincke v Pacific Energy Corp., 146 AD3d 923; Fuchs & Bergh, Inc. v Lance Enter., Inc., 22 AD3d 715). Accordingly, the Supreme Court correctly denied the plaintiffs' motion, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Further, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendant's submissions were speculative, and the affidavit of one of its witnesses was not in admissible form (see Navigation Law § 181; Zuckerman v City of New York, 49 NY2d 557; Brobeck v Jolloh, 32 AD3d 526, 526-527; see generally Nappi v Holub, 79 AD3d at 1112). Accordingly, the Supreme Court correctly denied the defendant's cross-motion, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 851).
The defendant's remaining contentions are not properly before this Court.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court