Paradise v Perillo Bros. Heating Corp. (2024 NY Slip Op 05107)

Paradise v Perillo Bros. Heating Corp.

2024 NY Slip Op 05107

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-09151
 (Index No. 612862/18)

[*1]Donna Paradise, appellant, 
v
Perillo Bros. Heating Corp., et al., respondents.

Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Jeffrey A. Sunshine of counsel), for appellant.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY (Patrick M. Murphy and Teresa Campano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Navigation Law § 181, the plaintiff appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated November 12, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Navigation Law § 181 and dismissing the defendants' first, second, and fifth affirmative defenses, and granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In September 2018, the plaintiff commenced this action against the defendants, inter alia, to recover damages for a violation of Navigation Law § 181. The defendants interposed an answer in which they asserted culpable conduct, failure to state a cause of action, and failure to mitigate as the first, second, and fifth affirmative defenses, respectively. Thereafter, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Navigation Law § 181 and dismissing the defendants' first, second, and fifth affirmative defenses. The defendants opposed the plaintiff's motion and moved for summary judgment dismissing the complaint. In an order dated November 12, 2020, the Supreme Court denied the plaintiff's motion and granted the defendants' motion. The plaintiff appeals.
"Pursuant to Navigation Law § 181(1), any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages" (Massaro v Rockland Fuel Oil Corp., 218 AD3d 458, 458 [alterations and internal quotation marks omitted]; see State of New York v Speonk Fuel, Inc., 3 NY3d 720, 723). "Discharge" is defined as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum" (Navigation Law § 172[8]; see State of New York v Green, 96 NY2d 403, 406-407). "Owners who have control over activities occurring on their property and reason to believe that petroleum products are stored there are liable as a discharger" (Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d 947, 948 [alterations and internal quotation marks omitted]; see State of New York v Speonk Fuel, Inc., 3 NY3d at 724). However, liability is predicated on "control over the contaminated premises" (State of New York v Green, 96 NY2d at 407; see State of New York v Speonk Fuel, Inc., 3 NY3d at 724). Thus, "the owner of the property at which petroleum has been released may have a claim under the Navigation Law provided such person did not cause or contribute to the contamination" [*2](Massaro v Rockland Fuel Oil Corp., 218 AD3d at 459 [internal quotation marks omitted]; see Kolbert v Morania Oil of Long Is., 138 AD3d 1072, 1073).
The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Navigation Law § 181 and dismissing the defendants' first, second, and fifth affirmative defenses. It is undisputed that the oil leak occurred on the plaintiff's property as a result of a faulty supply line between an oil tank and the heating system, which the defendants did not install and were not contractually obligated to maintain. The plaintiff thus failed to demonstrate, prima facie, that she did not cause, in part, or contribute to the oil spill (see Navigation Law § 181[3]; Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d at 948).
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Navigation Law § 181. The defendants established, prima facie, that the plaintiff caused or contributed to the contamination by failing to maintain the underground oil lines on her property (see Navigation Law § 172[3]; Kolbert v Morania Oil of Long Is., 138 AD3d at 1073). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Navigation Law § 181 and dismissing the defendants' first, second, and fifth affirmative defenses and properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court