Angotti v Petro Home Servs. (2025 NY Slip Op 04224)

Angotti v Petro Home Servs.

2025 NY Slip Op 04224

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-03683
 (Index No. 703126/19)

[*1]Robin Angotti, appellant, 
v
Petro Home Services, et al., respondents.

Sunshine Isaacson & Hecht LLP, Jericho, NY (Jeffrey A. Sunshine of counsel), for appellant.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Jericho, NY (Patrick M. Murphy and Michael Smar of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered January 18, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Navigation Law § 181 and dismissing the defendants' first and sixth affirmative defenses.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' sixth affirmative defense, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants to recover damages for injury to her property caused by an oil spill that occurred in October 2018. In their answer, the defendants asserted culpable conduct and failure to mitigate as their first and sixth affirmative defenses, respectively. Following discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Navigation Law § 181 and dismissing the defendants' first and sixth affirmative defenses. In an order entered January 18, 2024, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
"Pursuant to Navigation Law § 181(1), 'any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages'" (Massaro v Rockland Fuel Oil Corp., 218 AD3d 458, 458 [alteration omitted], citing State of New York v Speonk Fuel, Inc., 3 NY3d 720, 723; see Navigation Law § 181[1]). "However, a claim may only be maintained by a person who is not responsible for the discharge" (Massaro v Rockland Fuel Oil Corp., 218 AD3d at 458-459 [internal quotation marks omitted]). "Discharge" is defined as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum" (Navigation Law § 172[8]; see Paradise v Perillo Bros. Heating Corp., 231 AD3d 961, 962). "'Owners who have control over activities occurring on their property and reason to believe that petroleum products are stored there are liable as a discharger'" (Paradise v Perillo Bros. Heating [*2]Corp., 231 AD3d at 962, quoting Brilliante v East Hampton Fuel Oil Corp., 221 AD3d 947, 948). "Thus, 'the owner of the property at which petroleum has been released may have a claim under the Navigation Law provided such person did not cause or contribute to the contamination'" (id., quoting Massaro v Rockland Fuel Oil Corp., 218 AD3d at 459). "An owner's 'failure, unintentional or otherwise, to take any action in controlling the events that led to the spill or to effect an immediate cleanup renders it liable as a discharger'" (Massaro v Rockland Fuel Oil Corp., 218 AD3d at 459, quoting State of New York v Green, 96 NY2d 403, 407).
Here, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Navigation Law § 181 and dismissing the defendants' first affirmative defense. The plaintiff's submissions failed to eliminate all triable issues of fact as to the cause of the oil spill, including whether the oil spill was caused by the defendants' overfilling of the subject oil tank or was the result of a fault in the subject oil tank itself, which the defendants had no contractual obligation to maintain. Thus, the plaintiff failed to eliminate triable issues of fact as to whether she is liable as a discharger of oil on her property (see Brilliante v East Hampton Fuel Oil Corp., 221 AD3d at 949; Massaro v Rockland Fuel Oil Corp., 218 AD3d at 459). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Navigation Law § 181 and dismissing the defendants' first affirmative defense.
However, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' sixth affirmative defense. The plaintiff established her prima facie entitlement to judgment as a matter of law dismissing this affirmative defense through the submission of evidence demonstrating that she engaged in diligent efforts to mitigate damages, including by promptly reporting the oil spill and undertaking professional remediation (see Wilmot v State of New York, 32 NY2d 164, 168; Eskenazi v Mackoul, 72 AD3d 1012, 1014; Bank of Am., N.A. v J.P.T. Auto., Inc., 52 AD3d 553, 554). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff failed to mitigate damages.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court