Sidoruk v Ben Oil Co., Inc.

2026 NY Slip Op 03329

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Grazyna Sidoruk, et al., appellants,

v

Ben Oil Company, Inc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2023-04664, (Index No. 611846/20)

Hector D. Lasalle, P.J.

William G. Ford

Helen Voutsinas

James P. McCormack, JJ.

Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Jeffrey A. Sunshine of counsel), for appellants.

Farber Brocks & Zane, LLP, Garden City, NY (Lester Chanin of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated April 24, 2023. The order denied the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendant's first, second, third, and sixth affirmative defenses.

ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs' motion which were for summary judgment dismissing the defendant's second and third affirmative defenses, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

On January 11, 2019, the defendant mistakenly delivered 50 gallons of fuel oil to the plaintiffs' residence. Although the oil tank had been removed from the residence when the plaintiffs converted from oil home heating to natural gas home heating, an oil fill pipe had not been removed, and oil was pumped through that pipe into the basement. The plaintiffs commenced this action against the defendant, inter alia, to recover damages for injury to their property, alleging a violation of Navigation Law § 181. In its answer, the defendant asserted culpable conduct, assumption of risk, failure to mitigate damages, and intervening/superseding causes as its first, second, third, and sixth affirmative defenses, respectively. The plaintiffs thereafter moved for summary judgment on the issue of liability and dismissing the defendant's first, second, third, and sixth affirmative defenses. In an order dated April 24, 2023, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.

"'Pursuant to Navigation Law § 181(1), any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages'" (Angotti v Petro Home Servs., 240 AD3d 732, 733 [internal quotation marks omitted], quoting Massaro v Rockland Fuel Oil Corp., 218 AD3d 458, 458; see Navigation Law § 181[1]; State of New York v Speonk Fuel, Inc., 3 NY3d 720, 723). "'However, a claim may only be maintained by a person who is not responsible for the discharge'" (Angotti v Petro Home Servs., 240 AD3d at 733, quoting Massaro v Rockland Fuel Oil Corp., 218 AD3d at 458; see Navigation Law § 172[3]; Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d 947, 948). "Discharge" is defined [*2]as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum" (Navigation Law § 172[8]; see State of New York v Green, 96 NY2d 403, 406; Paradise v Perillo Bros. Heating Corp., 231 AD3d 961, 962). "'Owners who have control over activities occurring on their property and reason to believe that petroleum products are stored there are liable as a discharger'" (Angotti v Petro Home Servs., 240 AD3d at 733 [internal quotation marks omitted], quoting Paradise v Perillo Bros. Heating Corp., 231 AD3d at 962; see State of New York v Green, 96 NY2d at 406; Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d at 948). "Thus, 'the owner of the property at which petroleum has been released may have a claim under the Navigation Law provided such person did not cause or contribute to the contamination'" (Angotti v Petro Home Servs., 240 AD3d at 733 [internal quotation marks omitted], quoting Paradise v Perillo Bros. Heating Corp., 231 AD3d at 962; see Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d at 948; Cleary v Wallace Oil Co., Inc., 55 AD3d 773, 777). "An owner's 'failure, unintentional or otherwise, to take any action in controlling the events that led to the spill or to effect an immediate cleanup renders it liable as a discharger'" (Angotti v Petro Home Servs., 240 AD3d at 733 [internal quotation marks omitted], quoting State of New York v Green, 96 NY2d at 406; see Massaro v Rockland Fuel Oil Corp., 218 AD3d at 458; Kolbert v Morania Oil of Long Is., 138 AD3d 1072, 1073).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability and dismissing the defendant's first affirmative defense, alleging culpable conduct, by demonstrating that the defendant was a discharger of oil on the plaintiffs' property pursuant to the Navigation Law, and that the plaintiffs were not a discharger of oil (see Navigation Law § 181; Massaro v Rockland Fuel Oil Corp., 218 AD3d at 458; see also Young v Abbott & Mills, Inc., 82 AD3d 1218, 1218; Cleary v Wallace Oil Co., Inc., 55 AD3d at 777). However, in opposition, the defendant raised a triable issue of fact as to whether the plaintiffs contributed to the spill by demonstrating that the plaintiffs failed to remove or fill with concrete an abandoned fill pipe during their home's conversion from oil to natural gas home heating (see Executive Law § 378[13][c]; State of New York v Green, 96 NY2d at 408; Massaro v Rockland Fuel Oil Corp., 218 AD3d at 458). Accordingly, the Supreme Court properly denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and dismissing the defendant's first affirmative defense.

However, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment dismissing the defendant's second affirmative defense, alleging assumption of risk. The plaintiffs established, prima facie, that the primary assumption of risk doctrine, which "is generally limited to risks arising from voluntary participation in athletic and recreational activities" (Muniz v SPO Rest., LLC, 227 AD3d 1002, 1004 [internal quotation marks omitted]), is inapplicable under the circumstances of this case (see Custodi v Town of Amherst, 20 NY3d 83, 87; Muniz v SPO Rest., LLC, 227 AD3d at 1004; cf. Safon v Bellmore-Merrick Cent. High Sch. Dist., 134 AD3d 1008, 1009). In opposition, the defendant failed to raise a triable issue of fact.

The Supreme Court also should have granted that branch of the plaintiffs' motion which was for summary judgment dismissing the defendant's third affirmative defense, alleging failure to mitigate damages. The plaintiffs established their prima facie entitlement to judgment as a matter of law dismissing that affirmative defense through the submission of evidence demonstrating that they engaged in diligent efforts to mitigate damages, including by promptly reporting the oil spill and undertaking professional remediation (see Angotti v Petro Home Servs., 240 AD3d at 734; Eskenazi v Mackoul, 72 AD3d 1012, 1014). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiffs failed to mitigate damages.

Although this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue or cause of action that was the subject of a motion before the Supreme Court, we decline the defendant's request to search the record and award it summary judgment (see Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d at 949; Nappi v Holub, 79 AD3d 1110, 1113; cf. Kolbert v Morania Oil of Long Is., 138 AD3d at 1073).

The parties' remaining contentions either are not properly before this Court, are [*3]without merit, or need not be addressed in light of our determination.

LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court