■ RICHARD BENNETT et al., Respondents, v STATE FARM FIRE AND CASUALTY COMPANY et al., Defendants, and CREATIVE LANDSCAPING BY COW BAY, INC., et al., Appellants. [26 NYS3d 327]—

In an action, inter alia, to recover damages for negligence and pursuant to Navigation Law article 12, the defendants Creative Landscaping by Cow Bay, Inc., and Star Net Insurance Company separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated April 21, 2014, as granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

This action arises from an oil contamination incident that occurred at the plaintiffs' property in May 2011. The complaint alleges that an oil spill occurred after an employee of the defendant Creative Landscaping by Cow Bay, Inc. (hereinafter Creative Landscaping), severed an underground fuel line at the property in the course of performing sprinkler repairs. Shortly thereafter, the plaintiffs began experiencing problems with their home heating system, and they called the defendant Lewis Oil Company (hereinafter Lewis Oil) for service. Lewis Oil sent a repair technician to the plaintiffs' home. The technician inspected the heating system and found no major problems. Subsequently, Lewis Oil delivered approximately 700 gallons of home heating oil to the home. The plaintiffs allege

that due to the severed underground fuel oil line, a large quantity of heating oil leaked into the ground on their property. The plaintiffs then commenced this action against, among others, Creative Landscaping and its insurer, Star Net (hereinafter Star Net).

The Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability insofar as asserted against Creative Landscaping and Star Net. Navigation Law § 181 (1) provides that a person who has "discharged petroleum shall be strictly liable . . . for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained." Article 12 of the Navigation Law defines a "discharge," as relevant here, as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum" (Navigation Law § 172 [8]). The statute provides that any individual or entity "who is not responsible for the discharge" may maintain a claim thereunder (Navigation Law § 172 [3]; *see Hjerpe v Globerman*, 280 AD2d 646, 647 [2001]; *see also White v Long*, 85 NY2d 564, 568-569 [1995]). The statute also provides that under article 12, "[a]ny claims for costs of cleanup and removal, civil penalties or damages by the state and any claim for damages by any injured person, may be brought directly against the bond, the insurer, or any other person providing evidence of financial responsibility" (Navigation Law § 190).

In this case, the plaintiffs established, prima facie, that Creative Landscaping was a discharger of oil with respect to this spill. The plaintiffs also demonstrated that they were not responsible for the discharge, and are therefore permitted to bring a claim under Navigation Law article 12 (*see* Navigation Law § 172 [3]). The plaintiffs also submitted evidence demonstrating that at all relevant times, Creative Landscaping maintained a liability insurance policy issued by Star Net. Such evidence established, prima facie, that Creative Landscaping and Star Net are strictly liable for damages stemming from the oil spill (*see* Navigation Law §§ 181 [1]; 190; *Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 22 AD3d 715, 717 [2005]).

In opposition, Creative Landscaping admitted that its technician severed the fuel line on the date of the occurrence. In its opposition papers, Star Net did not deny that it provided to Creative Landscaping insurance coverage for this incident. Moreover, in opposition to the motion, Creative Landscaping and Star Net failed to raise a triable issue of fact as to whether the plaintiffs were responsible for the discharge within the

meaning of Navigation Law article 12 (*see* Navigation Law § 181 [1]). In particular, any evidence as to the depth of the fuel lines or the purported lack of warning signs would not raise a material issue of fact in light of, inter alia, the lack of any evidence showing that there were leaks or defects with the heating system or fuel lines prior to the date when the fuel line was severed (*see* Navigation Law § 172 [3]). The appellants' contention that further discovery would lead to such evidence is speculative (*see* CPLR 3212 [f]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability insofar as asserted against Creative Landscaping and Star Net (*see Nappi v Holub*, 79 AD3d 1110, 1112 [2010]; *Cleary v Wallace Oil Co., Inc.*, 55 AD3d 773, 777 [2008]; *cf. Carter v Suburban Heating Oil Partners, L.P.*, 44 AD3d 1221, 1222 [2007]; *Hjerpe v Globerman*, 280 AD2d at 647). Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.