Bennett v State Farm Fire & Cas. Co. (2021 NY Slip Op 05687)





Bennett v State Farm Fire & Cas. Co.


2021 NY Slip Op 05687


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2020-08026
 (Index No. 10385/13)

[*1]Richard Bennett, et al., appellants-respondents,
v
State Farm Fire and Casualty Company, et al., defendants, Creative Landscaping by Cow Bay, Inc., et al., respondents-appellants, Zurich American Insurance Co., etc., respondent (and other titles).


Edward J. Boyle, Manhasset, NY, for appellants-respondents.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for respondent-appellant Creative Landscaping by Cow Bay, Inc., and Lewis Johs Avallone Aviles, LLP, Islandia, NY (Martin K. Rowe of counsel), for respondent-appellant Star Net Insurance Company (one brief filed).



DECISION & ORDER
In an action, inter alia, to recover damages pursuant to Navigation Law article 12, the plaintiffs appeal, and the defendants Creative Landscaping by Cow Bay, Inc., and Star Net Insurance Company separately cross-appeal, from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated October 14, 2020. The order, insofar as appealed from, granted the plaintiffs' motion, in effect, for summary judgment awarding them the sum of $421,868.31 against the defendants Creative Landscaping by Cow Bay, Inc., and Star Net Insurance Company as compensation for attorney's fees under Navigation Law § 181 only to the extent of directing that those defendants pay to the plaintiffs the sum of $210,934.66, representing 50% of the attorney's fees sought, with the remainder of the responsibility for attorney's fees, if any, to be determined at trial. The order, insofar as cross-appealed from, granted the plaintiffs' motion for summary judgment awarding them the sum of $421,868.31 against the defendants Creative Landscaping by Cow Bay, Inc., and Star Net Insurance Company as compensation for attorney's fees under Navigation Law § 181 to the extent of directing that those defendants pay to the plaintiffs the sum of $210,934.66, representing 50% of the attorney's fees sought.
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and the plaintiffs' motion, in effect, for summary judgment awarding them attorney's fees under Navigation Law § 181 is denied; and it is further,
ORDERED that the appeal is dismissed as academic in light of the determination on the cross appeals; and it is further,
ORDERED that one bill of costs is awarded to the defendants Creative Landscaping by Cow Bay, Inc., and Star Net Insurance Company.
In May 2011, the defendant Creative Landscaping by Cow Bay, Inc. (hereinafter Cow [*2]Bay), severed an underground fuel oil line at the plaintiffs' property causing a discharge of fuel oil. Shortly thereafter, the defendant Lewis Oil Company delivered approximately 700 gallons of home heating oil to the home, which, due to the severed underground fuel oil line, caused an additional discharge of fuel oil. In connection with the incident, the plaintiffs' insurer, State Farm Fire and Casualty Company, provided coverage, pursuant to a third-party liability provision in the plaintiffs' insurance policy, to the extent of remediating the property as directed by the New York State Department of Environmental Conservation. The plaintiffs commenced this action, inter alia, to recover damages pursuant to Navigation Law article 12. In April 2014, the Supreme Court granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against Cow Bay and its insurer, Star Net Insurance Company (hereinafter Star Net). That determination was upheld by this Court on appeal (see Bennett v State Farm Fire & Cas. Co., 137 AD3d 725, 727). Thereafter, a Note of Issue was filed on November 16, 2017. In June 2020, the plaintiffs moved, in effect, for summary judgment awarding them the sum of $421,868.31 against Cow Bay and Star Net as compensation for attorney's fees incurred by the plaintiffs' prior attorney. The Supreme Court granted the motion to the extent of directing that Cow Bay and Star Net pay to the plaintiffs the sum of $210,934.66, representing 50% of the attorney's fees sought, with the remainder of the responsibility for attorney's fees, if any, to be determined at trial. The plaintiffs appeal, and Cow Bay and Star Net separately cross-appeal.
CPLR 3212(a) provides, inter alia, that the court may set a date after which no motion for summary judgment may be made, and "[i]f no such date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown." "'[G]ood cause' in CPLR 3212(a) requires a showing of good cause for the delay in making the motion" (Brill v City of New York, 2 NY3d 648, 652).
Here, the plaintiffs' motion was, in effect, for summary judgment. The plaintiffs do not dispute that they did not file their motion within the period specified by CPLR 3212(a), and no good cause for the delay was shown. Thus, the Supreme Court erred in considering the motion on the merits (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726; Brill v City of New York, 2 NY3d at 652; First Union Auto Fin., Inc. v Donat, 16 AD3d 372, 373), and should have denied the motion.
In light of our determination on the cross appeals, the appeal has been rendered academic.
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court