Gesualdo v Rosales Oil Co., Inc. (2024 NY Slip Op 06185)

Gesualdo v Rosales Oil Co., Inc.

2024 NY Slip Op 06185

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-00778
2022-03888
 (Index No. 618061/21)

[*1]Michael Gesualdo, et al., appellants, 
v
Rosales Oil Company, Inc., et al., defendants, Century Surety Company, respondent.

Rothstein Law PLLC, New York, NY (Eric E. Rothstein of counsel), for appellants.
Hurwitz Fine, Buffalo, NY (Dan D. Kohane of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages pursuant to Navigation Law article 12, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated January 27, 2022, and (2) an order of the same court dated April 28, 2022. The order dated January 27, 2022, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the first cause of action insofar as asserted against the defendant Century Surety Company and dismissing that defendant's first, second, third, and fifth affirmative defenses, and granted that branch of that defendant's cross-motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. The order dated April 28, 2022, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to reargue those branches of their prior motion which were for summary judgment on the issue of liability on the first cause of action insofar as asserted against the defendant Century Surety Company and dismissing that defendant's first, second, third, and fifth affirmative defenses, and their opposition to that branch of that defendant's cross-motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the appeal from the order dated April 28, 2022, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated January 27, 2022, is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the first cause of action insofar as asserted against the defendant Century Surety Company, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the cross-motion of the defendant Century Surety Company which was for summary judgment dismissing the amended complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order dated January 27, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs owned and/or occupied the premises located at 245 South 15th Street in Lindenhurst (hereinafter the subject premises). The subject premises was powered by gas, having switched from fuel oil in 2001, and the fill cap for oil deliveries was sealed. In 2020, the defendant Rosales Oil Company, Inc. (hereinafter Rosales), intending to deliver fuel oil to the premises located at 145 South 15th Street, erroneously delivered oil to the subject premises, thereby releasing 40 gallons of oil into the basement of the subject premises.
The plaintiffs commenced this action against, among others, Rosales's insurer, the defendant Century Surety Company (hereinafter Century), inter alia, to recover damages pursuant to Navigation Law article 12 (first cause of action) and for breach of the implied covenant of good faith and fair dealing or negligence (sixth cause of action). In its answer, Century admitted that it had issued an insurance policy to Rosales, which was in effect at the time of the incident, and that it had "adjusted the claim" related to the subject oil spill. Century also asserted certain affirmative defenses.
The plaintiffs moved, among other things, for summary judgment on the issue of liability on the first cause of action insofar as asserted against Century and dismissing Century's first, second, third, and fifth affirmative defenses. Century cross-moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated January 27, 2022, the Supreme Court, among other things, denied those branches of the plaintiffs' motion and granted that branch of Century's cross-motion. The plaintiffs appeal.
Navigation Law § 181(1) provides that a person who has "discharged petroleum shall be strictly liable . . . for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained." A "discharge" is defined, in pertinent part, as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters" (id. § 172[8]). The term "waters" includes "bodies of surface or groundwater" (id. § 172[18]).
Contrary to the Supreme Court's conclusion, which is not explained in its decision, the plaintiffs did not lack standing to assert a Navigation Law cause of action against Century. Navigation Law § 190 expressly permits that "any claim for damages by any injured person, may be brought directly against . . . the insurer" (see Bennett v State Farm Fire & Cas. Co., 137 AD3d 725, 726).
Furthermore, the plaintiffs demonstrated, prima facie, that Rosales was a discharger of oil, inasmuch as it released oil into the below-ground basement of the subject premises from which the oil could potentially seep into the groundwater (see Zincke v Pacific Energy Corp., 146 AD3d 923, 924; Cleary v Wallace Oil Co., Inc., 55 AD3d 773, 777). The plaintiffs also demonstrated, prima facie, through the admissions in Century's answer, that at all relevant times, Rosales maintained an applicable liability insurance policy issued by Century (see Bennett v State Farm Fire & Cas. Co., 137 AD3d at 726). Such evidence established, prima facie, that Century was strictly liable for damages stemming from the oil spill (see Navigation Law §§ 181[1]; 190; Bennett v State Farm Fire & Cas. Co., 137 AD3d at 726).
In opposition, Century failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the first cause of action insofar as asserted against Century. For the same reason, the court should have denied that branch of Century's cross-motion which was for summary judgment dismissing that cause of action insofar as asserted against it.
While the plaintiffs demonstrated their entitlement to judgment as a matter of law on the issue of liability on the first cause of action insofar as asserted against Century, they did not attempt to make any showing of their entitlement to judgment as a matter of law dismissing Century's first, second, third, and fifth affirmative defenses insofar as the defenses related to the sixth cause of action. Thus, the plaintiffs were not entitled to summary judgment dismissing [*2]Century's first, second, third, and fifth affirmative defenses (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Similarly, while, in its notice of cross-motion, Century sought summary judgment dismissing the sixth cause of action, its supporting papers did not address that cause of action. Thus, Century failed to meet its burden of demonstrating its prima facie entitlement to judgment as a matter of law dismissing the sixth cause of action, and that branch of its cross-motion which was for summary judgment dismissing that cause of action should have been denied (see id.).
Century's remaining contentions are not properly before this Court.
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court